LATHAM & WATKINS LLP
  Joseph R. Wetzel (SBN 238008)
  Brittany N. Lovejoy (SBN 286813)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600
Email: Joe.Wetzel@lw.com
       Brittany.Lovejoy@lw.com

LATHAM & WATKINS LLP
  Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: 212.906.1747
Email: Alli.Stillman@lw.com

Attorneys for Defendant *Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC.,<br><br>　　　　　Defendants. | CASE NO. 3:22-cv-04223-JSC<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>The Honorable Jacqueline Scott Corley<br><br>Date: December 1, 2022<br>Time: 10:00 a.m.<br>Courtroom: 8 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

## TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT .................................................................................................................... 2

    A. Epidemic's Failure to Allege Basic Facts Critical to Its
       Infringement Claims Requires Dismissal of Its Complaint ................................... 2

       1. Epidemic's Original Audio and Reels Remix Allegations
          Do Not State a Claim for Copyright Infringement ................................... 5

       2. Epidemic's Allegations With Respect to Meta's Audio
          Library Do Not State a Claim for Copyright Infringement ...................... 6

       3. Meta Has No Obligation to Customize a Content
          Identification Tool to Compensate for Epidemic's Deficient
          Pleading ..................................................................................................... 8

    B. Epidemic Has Not Established a Plausible Entitlement to Statutory
       Damages and Attorney's Fees ............................................................................... 9

    C. At a Minimum, Epidemic Should Be Required to Provide a More
       Definite Statement Under Rule 12(e) .................................................................. 13

III. CONCLUSION ............................................................................................................... 14

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*A&M Records, Inc. v. Napster, Inc.*,
    239 F.3d 1004 (9th Cir. 2001) ................................................................................................5

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009) ............................................................................................................9

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*,
    No. 18-cv-00933, 2020 WL 1877707 (N.D. Cal. April 15, 2020) ....................................11, 13

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...........................................................................................................11, 13

*Big Run Studios Inc. v. AviaGames Inc.*,
    No. 21-cv-04656, 2022 WL 126117 (N.D. Cal. Jan. 13, 2022) ..........................................9, 12

*Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co.*,
    149 F. Supp. 3d 1167 (N.D. Cal. 2015) ..................................................................................3

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
    881 F.3d 293 (4th Cir. 2018) ..................................................................................................5

*Boring v. Google, Inc.*,
    362 F. App'x 273 (3d Cir. 2010) ............................................................................................9

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*,
    No. 10-cv-03428, 2011 WL 1044899 (N.D. Cal. Mar. 23, 2011) .........................................4

*Buckwalter v. Nev. Bd. of Med. Exam'rs*,
    678 F.3d 737 (9th Cir. 2012) ..................................................................................................9

*Cellars v. Pac. Coast Packaging, Inc.*,
    189 F.R.D. 575 (N.D. Cal. 1999) .........................................................................................13

*Coffelt v. Autodesk, Inc.*,
    No. 17-cv-1684, 2018 WL 4998272 (C.D. Cal. Sept. 30, 2018) .......................................3, 5

*Commodity Futures Trading Comm'n v. Beasley*,
    No. 05-cv-2142, 2005 WL 2172003 (N.D. Cal. Sept. 6, 2005) ...........................................14

*Coren v. Mobile Entm't, Inc.*,
    No. 08-cv-05264, 2009 WL 264744 (N.D. Cal. Feb. 4, 2009) ............................................14

*Davis v. Pinterest, Inc.*,
    No. 19-cv-07650, 2022 WL 1316566 (N.D. Cal. May 3, 2022) ...........................................6

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
   528 F.3d 696 (9th Cir. 2008) ...............................................................................................12

*Dichter-Mad Family Partners, LLP v. United States*,
   707 F. Supp. 2d 1016 (C.D. Cal. 2010), *aff'd*, 709 F.3d 749 (9th Cir. 2013) ........................13

*Elektra Entm't Grp., Inc. v. Barker*,
   551 F. Supp. 2d 234 (S.D.N.Y. 2008) ............................................................................3, 4, 12

*Elektra Entm't Grp., Inc. v. Barker*,
   No. 05-cv-07340 (S.D.N.Y. Aug. 19, 2005), ECF No. 1-3 ....................................................4

*Facebook, Inc. v. Power Ventures, Inc.*,
   No. 08-cv-5780, 2009 WL 1299698 (N.D. Cal. May 11, 2009) ....................................3, 5, 13

*Famous Birthdays, LLC v. SocialEdge, Inc.*,
   No. 21-cv-9562, 2022 WL 1591723 (C.D. Cal. Apr. 15, 2022) .........................................9, 10

*Goatpix LLC v. Upper Deck Co.*,
   No. 21-cv-1815, 2022 WL 2820738 (S.D. Cal. July 19, 2022) .............................................12

*Jacobsen v. Katzer*,
   609 F. Supp. 2d 925 (N.D. Cal. 2009) ................................................................................9, 10

*Lickerish, Inc. v. Alpha Media Grp.*,
   No. 13-cv-00377, 2014 WL 12589641 (C.D. Cal. Jan. 2, 2014) ......................................10, 12

*Luvdarts, LLC v. AT&T Mobility, LLC*,
   710 F.3d 1068 (9th Cir. 2013) .................................................................................................5

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*,
   No. 14-cv-04054 (C.D. Cal. May 27, 2014), ECF No. 1 ........................................................4

*Marshall v. Babbs*,
   No. 18-cv-03822, 2019 WL 1557429 (C.D. Cal. Apr. 10, 2019) ..........................................12

*Max Sound Corp. v. Google, Inc.*,
   No. 14-cv-04412, 2015 WL 13389943 (N.D. Cal. Nov. 3, 2015) .........................................13

*McGucken v. Chive Media Grp. LLC*,
   No. 18-cv-01612, 2018 WL 3410095 (C.D. Cal. July 11, 2018) ...........................................11

*Mujica v. AirScan Inc.*,
   771 F.3d 580 (9th Cir. 2014) ...................................................................................................3

*MultiCraft Imports, Inc. v. Mariposa USA, Inc.*,
   No. 16-cv-3975, 2017 WL 5664996 (C.D. Cal. Sept. 14, 2017) .............................................3

*Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*,
   299 F. App'x 509 (6th Cir. 2008) ............................................................................................2

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

| | |
|---|---|
| *Niantic, Inc. v. Global++*,<br>No. 19-cv-03425, 2020 WL 8620002 (N.D. Cal. Sept. 2, 2021) | 10 |
| *Palmtree Acquisition Corp. v. Neely*,<br>No. 08-cv-3168, 2011 WL 3419493 (N.D. Cal. Aug. 4, 2011) | 13, 14 |
| *Paylor v. Hartford Fire Ins. Co.*,<br>748 F.3d 1117 (11th Cir. 2014) | 2 |
| *Por Los Rios, Inc. v. Lions Gate Entm't, Inc.*,<br>No. 13-cv-7640, 2014 WL 12605374 (C.D. Cal. May 21, 2014) | 12 |
| *Richtek Tech. Corp. v. UPI Semiconductor Corp.*,<br>No. 09-cv-05659, 2011 WL 166198 (N.D. Cal. Jan. 18, 2011) | 2, 3 |
| *Schneider v. Cal. Dep't of Corr.*,<br>151 F.3d 1194 (9th Cir. 1998) | 7 |
| *Sims v. Amazon, Inc.*,<br>No. 20-cv-04389, 2022 WL 739524 (C.D. Cal. Jan. 27, 2022) | 12 |
| *Sitney v. Spotify USA, Inc.*,<br>No. 18-cv-01469, 2019 WL 5555682 (D. Md. Oct. 28, 2019) | 7 |
| *Smith v. Weeknd*,<br>No. 19-cv-2507, 2019 WL 6998666 (C.D. Cal. Aug. 23, 2019) | 12 |
| *Starr v. Baca*,<br>652 F.3d 1202 (9th Cir. 2011) | 2, 4, 8 |
| *Swierkiewicz v. Sorema N.A.*,<br>534 U.S. 506 (2002) | 14 |
| *Synopsys, Inc. v. ATopTech, Inc.*,<br>No. 13-cv-2965, 2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) | 5 |
| *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*,<br>718 F.3d 1006 (9th Cir. 2013) | 6, 9 |
| *UMG Recordings, Inc. v. Veoh Networks, Inc.*,<br>665 F. Supp. 2d 1099 (C.D. Cal. 2009) | 9 |
| *Viacom Int'l, Inc. v. Youtube, Inc.*,<br>676 F.3d 19 (2d Cir. 2012) | 9 |
| *Whittlestone v. Handi-Craft Co.*,<br>618 F.3d 970 (9th Cir. 2010) | 9 |
| *Wright v. Buzzfeed, Inc.*,<br>No. 8-cv-02187, 2018 WL 2670642 (C.D. Cal. 2018) | 11 |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

**STATUTES**

17 U.S.C.
  § 512...................................................................................................................*passim*
  § 512(c) ..............................................................................................................6
  § 512(c)(1) ..........................................................................................................6
  § 512(m) .............................................................................................................9

**RULES**

Fed. R. Civ. P.
  8.....................................................................................................................1, 2
  11..............................................................................................................1, 8, 11
  11(b)(3) ..............................................................................................................1
  12(b)(6) ..........................................................................................................7, 14
  12(e) ............................................................................................................13, 14

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

## I. INTRODUCTION

However forgiving Rule 8 may be, it does not give a plaintiff license to make sweeping, unsupported allegations in the hope of only later confirming, through discovery, that those allegations have a basis in fact. That is what Epidemic admits it has done here. Although Epidemic tries to bury it in a footnote, Epidemic's Opposition makes its objective clear: without alleging a specific act of infringement, Epidemic seeks a "complete examination of Meta's databases to determine all of the Epidemic Tracks that were added to the Music Library" and "discovery of Meta's system logs [to] establish all of the various Epidemic Tracks that were accessed by users." Opp. at 16 n.10. But that turns Epidemic's pleading obligation on its head. Epidemic was required to engage in an investigation *before* filing the Complaint to confirm that its allegations have a factual basis. *See* Fed. R. Civ. P. 11(b)(3). Epidemic's failure to identify in its complaint a *single* infringing copy of any of its works on Meta's platforms leaves the Court no basis to conclude that Epidemic has satisfied the requirements of Rule 11 before filing suit—let alone that it has satisfied Rule 8's pleading standard.

With respect to its allegations related to Meta's "Original Audio" and "Reels Remix" tools, all Epidemic has pleaded is that it owns a number of copyrighted works and that, in its view, certain design features of these products allegedly facilitate infringing use of Epidemic's works, by unnamed users, in unidentified locations within Meta's vast social media platforms. Epidemic, however, does not connect the dots between those two general sets of allegations to draw a line from any specific copyrighted work to any allegedly infringing copy. Put differently, Epidemic does not allege a single instance in which the complained-of product features were actually used by anyone to create an infringing copy of an Epidemic work. Nor does Epidemic's general allegation that its works may exist in Meta's Audio Library pass muster. Epidemic's complaint does not identify which, if any, of the hundreds of works it claims are at issue in this litigation impermissibly exist in Audio Library. Since Epidemic does not identify even a single infringing copy in its complaint, Meta cannot frame a response to the Complaint or prepare its defenses. And since Epidemic has made no allegations as to the timing of the alleged infringement, Epidemic is

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

1 | not plausibly entitled to the exorbitant statutory damages it seeks. Even Rule 8's liberal pleading standard demands that Epidemic meet these minimum requirements.

The practical effect of Epidemic's failure to adequately plead its claims is that Meta is unable to investigate and address Epidemic's allegations. Epidemic deflects that Meta's discussion of the investigative challenges that Epidemic's fact-bare complaint presents merely "seeks to distract this Court." Far from it. The practical ramifications of Epidemic's failure to provide basic facts in support of its claims demonstrate why Epidemic's complaint does not satisfy Rule 8: it does not "enable [Meta] to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). For example, without the identity of the infringing content at issue, Meta cannot investigate how that content came to be on Meta's platforms. That, in turn, impedes Meta's ability to invoke the protections of the Digital Millennium Copyright Act ("DMCA")—which immunizes Meta from claims of infringement relating to content uploaded by its users—and to enforce indemnities and potentially implead distributors who may have delivered the copies to Meta pursuant to representations that they were providing all necessary rights to that content. Nowhere in its Opposition does Epidemic contend with the ways in which its failure to identify the complained-of infringement obstructs Meta's ability to mount a defense. And the fact that Meta is able to list a panoply of defenses that could apply depending on the as yet unknown conduct forming the basis for Epidemic's claims does not absolve Epidemic of its failure to plead a single specific act of infringement. Meta's motion should be granted, and Epidemic's factually deficient complaint should be dismissed.

## II. ARGUMENT

### A. Epidemic's Failure to Allege Basic Facts Critical to Its Infringement Claims Requires Dismissal of Its Complaint

Meta agrees that Rule 8 is a relatively flexible pleading standard. But a copyright owner cannot satisfy even that forgiving standard simply by making conclusory, generalized allegations that the defendant has violated one of its Section 106 exclusive rights. *E.g.*, *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F. App'x 509, 512 (6th Cir. 2008) (affirming dismissal where plaintiff's complaint failed to identify specific works by defendants that infringed on plaintiff's copyright); *Richtek Tech. Corp. v. UPI Semiconductor Corp.*, No. 09-cv-05659, 2011

WL 166198, at *3 (N.D. Cal. Jan. 18, 2011) (dismissing a complaint that merely "recit[ed] the statutory acts that constitute copyright infringement without providing any factual allegations to identify [the] allegedly infringing acts or works"). Courts in the Ninth Circuit have found that a complaint that does not identify any infringing works "fails to provide notice as a matter of law." *MultiCraft Imports, Inc. v. Mariposa USA, Inc.*, No. 16-cv-3975, 2017 WL 5664996, at *3 (C.D. Cal. Sept. 14, 2017); *see also Coffelt v. Autodesk, Inc.*, No. 17-cv-1684, 2018 WL 4998272, at *3 (C.D. Cal. Sept. 30, 2018) (stating that a court cannot "meaningfully evaluate the plausibility of [the plaintiff's] allegations" without some identification of the infringements alleged); *Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co.*, 149 F. Supp. 3d 1167, 1175 (N.D. Cal. 2015) (same).[1] Absent that bare minimum, a pleading "fails to allege sufficient facts that show copying." *MultiCraft*, 2017 WL 5664996, at *3. Epidemic thus needs to identify at least some representative examples of infringement for each Epidemic work it alleges Meta infringed (and for which Epidemic is seeking maximum statutory damages).

Epidemic relies heavily on *Facebook, Inc. v. Power Ventures, Inc.*, No. 08-cv-5780, 2009 WL 1299698 (N.D. Cal. May 11, 2009), for the proposition that a complaint need not identify specific works by defendants that infringed on plaintiff's copyright. *See* Opp. at 1-2, 15. But that's neither what Facebook argued nor what the court held in that case. In *Power Ventures*, the defendants objected not to Facebook's failure to identify any infringing copies, but to the fact that Facebook's complaint did not specify which portions of the copied content were protected and which were not. 2009 WL 1299698, at *3. As Epidemic recognizes, "the 'protectability' of Epidemic's Tracks is not at issue" in this motion. Opp. at 10 n.6.

Epidemic's other cited cases only highlight the glaring deficiencies in its own pleadings. For example, the complaint in *Elektra Entm't Grp., Inc. v. Barker*, 551 F. Supp. 2d 234 (S.D.N.Y.

---

[1] Epidemic's attempt to distinguish *Blizzard* (*see* Opp. at 10 n.6) misses the mark. *Blizzard* concerned not only the "protectability" of elements of the plaintiff's works, but also the plaintiff's failure to identify the *allegedly infringing copies*, particularly given the volume of infringement alleged. *See* 149 F. Supp. 3d at 1175 ("Plaintiffs' sweeping allegations fail to apprise uCool or the Court of which "Heroes Charge" characters infringe . . . . If, as Plaintiffs contend, dozens of characters are at issue—not to mention "settings, terrain, background art, and other assets"—then a plausible claim would require that Plaintiffs submit a representative sampling of infringed content[.]").

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

2008), was significantly more detailed than Epidemic's in that it alleged the manner of the infringement, as well as the *exact location and identity of the infringements* by including screenshots of the shared folder containing the infringing works on the defendant's computer. *See* Compl. Ex. B, *Elektra Entm't Grp., Inc. v. Barker*, No. 05-cv-07340 (S.D.N.Y. Aug. 19, 2005), ECF No. 1-3. Indeed, the court there *confirmed* that plaintiffs are required to plead with "specificity the acts by which a defendant has committed copyright infringement." 551 F. Supp. 2d at 238.[2] In case after case, courts have required copyright plaintiffs to identify the infringing copies about which they complain.

And for good reason. A plaintiff must identify specific instances of infringement to "give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. Here, Epidemic's complaint has not identified even a single example of the infringement it alleges, as the case law demands it to do for each asserted work. As a result, for every one of Epidemic's tracks where Epidemic has not identified the allegedly infringing copy or copies it claims to have located, Meta cannot adequately evaluate the legitimacy of these claims, nor can it proceed to invoke the appropriate defenses. *See* Mot. at 13-15; *supra* at 2; *infra* at 7-8.

Asking Epidemic to identify infringing copies does not, as Epidemic claims, "requir[e] Epidemic to *prove* its claims at the pleading stage." Opp. at 15:6-7. It merely requires Epidemic to set forth the facts it must have already identified in order to have a basis for its complaint. *See* Fed. R. Civ. P. 11(b)(3). Myriad legal and factual issues would remain to be resolved even if Epidemic had properly pleaded its complaint. Epidemic would still have to prove, for example: that it in fact owns the works that were copied; that it has the necessary exclusive rights even where they have been claimed by third parties; that the works actually were used in the ways Epidemic alleges; and that, as a matter of law, those uses constitute infringement in light of the affirmative

---

[2] The pleadings in the other cases cited by Epidemic likewise provided more identifying information about the alleged infringements than Epidemic has provided here. *See, e.g.*, Complaint, *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, No. 14-cv-04054 (C.D. Cal. May 27, 2014), ECF No. 1 (identifying infringing works with locations and images); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-cv-03428, 2011 WL 1044899, at *8 (N.D. Cal. Mar. 23, 2011) (complaint described exact location of infringing work).

defenses available to Meta. Identifying the infringing copies at issue is a threshold requirement to even begin to answer those very questions.

### 1. Epidemic's Original Audio and Reels Remix Allegations Do Not State a Claim for Copyright Infringement

With respect to alleged infringement stemming from Meta's "Original Audio" and "Reels Remix" product features, Epidemic has alleged, generally, that (1) it owns copyrighted works; and (2) the Original Audio and Remix tools were used to infringe those works when used by unnamed others in unidentified uses. But Epidemic does not, and cannot, point to any part of its complaint that identifies even a *single specific instance* in which Meta's use or provision of those features resulted in an infringement of any specific Epidemic work on Meta's platforms. *See, e.g.*, *Synopsys, Inc. v. ATopTech, Inc.*, No. 13-cv-2965, 2013 WL 5770542, at *4 (N.D. Cal. Oct. 24, 2013) ("Plaintiff further hamstrings its complaint by simply speculating on how widespread the copying may be, without describing any acts or works that infringe Plaintiff's [copyrights]. . . . Plaintiff must plead some non-speculative facts about what Defendant infringed and how."). As in *Synopsys*, Epidemic merely speculates as to the scope of the alleged infringement, without actually identifying a single instance of it. That is insufficient to state a direct infringement claim. Likewise, for Epidemic to state a contributory infringement claim[3] based on Meta's provision of the Original Audio and Reels Remix features to its users, it must allege that Meta was willfully blind to or had knowledge of "*specific acts* of infringement"—pleading generalized knowledge that a "system allows for the exchange of copyrighted material" is not enough. *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013); *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*, 881 F.3d 293, 312 (4th Cir. 2018) (same).

---

[3] Epidemic is incorrect that Meta's motion does not target Epidemic's secondary infringement claims. Secondary infringement requires, in the first instance, sufficient allegations of *direct* infringement. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001); *see also Coffelt*, 2018 WL 4998272, at *5 ("Because the court concludes that the SAC fails to state a claim for direct copyright infringement, plaintiff's claims for secondary infringement necessarily fail."). And Epidemic's reliance on *Power Ventures* (Opp. at 12 n.7) is once again inapposite, as the court found the operative complaint there did state a claim for direct copyright infringement. 2009 WL 1299698, at *4.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

1     Epidemic's assertion that Meta "concede[s]" that it was required to obtain a license for any copies made by its users via these product features (Opp. at 13:7-8) is plainly wrong. As Meta's motion explained, Section 512 of the Copyright Act shields Meta from claims of infringement based on content stored at the direction of users, to the extent that is the root of Epidemic's unspecified claims. Mot. at 14-15; 17 U.S.C. § 512(c)(1); *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1017-20 (9th Cir. 2013) (recognizing that Section 512(c) "presupposes that service providers will provide access to users' stored material" and that "there is no limitation on the service provider's ability to modify user-submitted material to facilitate . . . access" by other users). Any allegedly infringing user-uploaded audio re-shared through the Reels feature (whether labeled "Original Audio" or not) exists on Meta's platforms by virtue of a user having put it there, and thus Meta at a minimum is protected under Section 512—unless it has failed to appropriately respond to a takedown notice, which Epidemic does not claim it has ever issued. *UMG Recordings*, 718 F.3d at 1020 (defendant not deprived of Section 512's protections where "automated process for making files accessible is initiated entirely at the volition of [defendant's] users"); *Davis v. Pinterest, Inc.*, No. 19-cv-07650, 2022 WL 1316566, at *15 (N.D. Cal. May 3, 2022) ("Plaintiff's works appear on Pinterest because users upload them.").

    Even if Epidemic wants to argue that Meta was "required to obtain a license" for alleged copies of Epidemic works posted and shared by users on Meta platforms, *Epidemic must still identify such allegedly infringing copies*. But Epidemic's complaint conspicuously fails to identify even a single occurrence of a Meta user copying an Epidemic work.

### 2. Epidemic's Allegations With Respect to Meta's Audio Library Do Not State a Claim for Copyright Infringement

    Epidemic's complaint likewise lacks any allegations of specific instances of Epidemic tracks appearing in Meta's Audio Library. Although Epidemic claims that "there would be no way" to specifically identify the allegedly infringing tracks in Audio Library, it nevertheless includes in its Opposition a set of screenshots purportedly reflecting one work that Epidemic claims is at issue. Opp. at 14:1-15. Epidemic's inclusion of those images in its brief belies its assertion that it could not have identified in its *complaint* which allegedly infringing tracks are

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

available in Meta's publicly-available Audio Library. But, in any event, this unpleaded, afterthought example cannot save Epidemic's complaint from dismissal. *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").[4]

Also appearing for the first time in Epidemic's Opposition is the contention that *all* 952 tracks in Exhibit A have been or are stored in Meta's Audio Library. Opp. at 11:7-11. As is explained in Meta's motion, the Complaint does not state how many, or which, tracks Epidemic alleges were reproduced in Audio Library, as opposed to via users' uses of Original Audio or Reels Remix; rather, it alleges that "over 950 of its music tracks" have been reproduced by Meta "through its Music Library *or* through its other content sharing tools." *See* Mot. at 10-11 (citing Compl. ¶¶ 7, 26 (emphasis added)). As stated in the Complaint, that allegation could literally mean that *none* of the "over 950" Epidemic tracks was stored in Audio Library. Meta can't know, because the Complaint does not specify even a single example. Again, Epidemic cannot fix its deficient complaint with unpleaded allegations it spun up in opposition to Meta's motion.

Epidemic's failure to identify specific infringing tracks in Audio Library has very practical consequences for Meta's response. Since Meta cannot tell which Audio Library tracks Epidemic alleges infringe its rights, Meta is limited in its ability to design its defenses. For example, without knowing which content is at issue, Meta cannot identify the parties who provided that content—and which it would consider impleading (or invoking its indemnity rights against) for representing

---

[4] Moreover, the example that Epidemic identifies in its Opposition ("Chit Chat by Tilden Parc") *is not listed* in Exhibit A—the list of works that Epidemic claims Meta infringed—which only highlights the problem with Epidemic's pleadings. The Exhibit A track with the closest similarity in title is "Chit Chat (instrumental version)." Corr. Ex. A. (Dkt. 14) at row 167. But the track referenced in the screenshot is not an instrumental-only work and has a different ISRC than the track listed in Exhibit A. Meta cannot be expected to—and is not required to—manually review the vast collection of tracks available in Audio Library, hunting and pecking at which ones Epidemic might be claiming based on a similar title. *Cf. Sitney v. Spotify USA, Inc.*, No. 18-cv-01469, 2019 WL 5555682, at *2 (D. Md. Oct. 28, 2019) (observing that "many songs have the same or similar titles"). Indeed, Epidemic cannot expect Meta to have fair notice of the claims against it when even Epidemic cannot match the works it claims were infringed with any publicly-available content on Meta's platforms.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

and warranting to have the rights that Epidemic is now claiming belong exclusively to it. *See* Mot. at 12-13. Epidemic's Complaint does not "enable [Meta] to defend itself effectively" and is therefore deficient. *Starr*, 652 F.3d at 1216.

### 3. Meta Has No Obligation to Customize a Content Identification Tool to Compensate for Epidemic's Deficient Pleading

Epidemic tries to excuse its failure to properly plead its claims by arguing that Meta has not provided Epidemic with the particular rights-management tool it claims to need to identify infringement. But Epidemic acknowledges that it has access to Meta's Rights Manager tool for video content. Opp. at 7-8. And while Epidemic complains about the overall effectiveness of that tool, Epidemic nonetheless claims to have identified infringement of over 900 of its works. Consistent with Rule 11, this must have been based on some sort of investigation that Epidemic has already performed using resources already at its disposal. Indeed, with respect to Epidemic's Audio Library allegations, as discussed above, Epidemic has demonstrated that it has the ability to capture images of tracks that are publicly available in Meta's Audio Library (even if the example included in Epidemic's Opposition does not actually match any of the tracks identified in its pleading). *See* Opp. at 14. And as for Epidemic's Original Audio/Reels Remix allegations, Epidemic does not, and cannot, dispute that each of the videos Meta's users create with these content-sharing tools has a unique URL that is readily accessible to any user of the platform. There is no reason Epidemic could not have provided this information in its complaint, assuming it had a Rule 11 basis for claiming infringement of each of those works.

Epidemic separately argues that *Meta* could use the separate Rights Manager tool it has developed for certain music licensor-partners to "easily identify all of the infringement." Opp. at 7:21. But Meta has made clear that this other Rights Manager tool for music is simply not functional for production music libraries like Epidemic. *See* Mot. at 7-8. Epidemic fails to contend with the fact that, unlike other music rights holders, Epidemic freely and indiscriminately licenses its works for use by anyone willing to pay a subscription fee—and does so *with the intention that the works proliferate on platforms like Meta's*. *See* Mot. at 6-7.

1      Moreover, Meta is not required to develop a custom tool for Epidemic to use to identify possible infringement on Meta's platforms. Copyright law places the burden of identifying potential infringement squarely upon the copyright owner. *See* 17 U.S.C. § 512(m); *UMG Recordings, Inc. v. Veoh Networks, Inc.*, 665 F. Supp. 2d 1099, 1111 (C.D. Cal. 2009) ("UMG has not established that the DMCA imposes an obligation on a service provider to implement filtering technology at all, let alone technology from the copyright holder's preferred vendor or on the copyright holder's desired timeline."), *rev'd on other grounds*, *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006 (9th Cir. 2013); *see also Viacom Int'l, Inc. v. Youtube, Inc.*, 676 F.3d 19, 41 (2d Cir. 2012) ("[T]he safe harbor expressly disclaims any affirmative monitoring requirement . . . . YouTube cannot be excluded from the safe harbor by dint of a decision to restrict access to its proprietary search mechanisms.").

### B. Epidemic Has Not Established a Plausible Entitlement to Statutory Damages and Attorney's Fees

     A plaintiff's entitlement to remedies, including statutory damages and attorney's fees, should be addressed at the pleading stage. *Cf. Boring v. Google, Inc.*, 362 F. App'x 273, 283 (3d Cir. 2010) ("[U]nder the pleading standards we are bound to apply, there is simply no foundation in the complaint for a demand for . . . damages." (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009))). Epidemic argues Meta's motion is premature because "statutory damages is a remedy, not a claim." Opp. at 16:16. But courts can, and often do, dismiss deficient claims for damages at the pleading stage. *See Whittlestone v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *Buckwalter v. Nev. Bd. of Med. Exam'rs*, 678 F.3d 737, 748 (9th Cir. 2012) (holding district court was "correct" to dismiss plaintiff's claim for damages under 12(b)(6)); *Big Run Studios Inc. v. AviaGames Inc.*, No. 21-cv-04656, 2022 WL 126117, at *5 (N.D. Cal. Jan. 13, 2022) ("[A] plaintiff must at minimum ple[a]d facts to support a claim for damages. . . . Plaintiffs' claim for statutory damages and attorneys' fees fails as a matter of pleading."). None of the cases Epidemic cites remotely support its categorical argument that remedies cannot be addressed at this stage.[5]

---

[5] Neither *Jacobsen v. Katzer*, 609 F. Supp. 2d 925 (N.D. Cal. 2009), nor *Famous Birthdays, LLC v. SocialEdge, Inc.*, No. 21-cv-9562, 2022 WL 1591723 (C.D. Cal. Apr. 15, 2022), suggests that

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

This makes sense: Courts should prevent plaintiffs from wielding exorbitant damages demands—Epidemic demands over $142 million in statutory damages—to drive costly litigation when such remedies are not legally available based on the facts alleged.

Abandoning the only date included in its pleadings, Epidemic now admits that it has not alleged a date on which infringement commenced for *any* asserted work. That, alone, makes it impossible for the Court to conclude that Epidemic has stated a plausible claim of entitlement to statutory damages and fees under 17 U.S.C. § 412, which requires registration to have been effected before infringement commenced, or else within three months of first publication. Since the records associated with the copyright registration numbers listed in Exhibit A show that *none* of Epidemic's asserted works was registered within three months of publication, *see* Dkt. 31-4, Epidemic needs to allege when infringement commenced in order for the Court to evaluate the plausibility of its claim for relief. Mot. at 15-17. The cases cited by Epidemic do not hold otherwise. In *Famous Birthdays, LLC v. SocialEdge, Inc.*, No. 21-cv-9562, 2022 WL 1591723 (C.D. Cal. Apr. 15, 2022), the plaintiff (unlike Epidemic) *had* pleaded when the infringement commenced. The court denied the motion to dismiss because the parties disputed the relevant registration and publication dates. Here, no such factual dispute exists, because the parties agree Epidemic's registration and publication dates are properly the subject of judicial notice through U.S. Copyright Office records. *See* Opp. at 17 n.12. And in *Niantic, Inc. v. Global++*, No. 19-cv-03425, 2020 WL 8620002 (N.D. Cal. Sept. 2, 2021), plaintiffs *conceded* that they were not entitled to statutory damages for infringements occurring before registration. *Id.* at *5.[6]

Conversely, Epidemic's complete failure to address *Lickerish, Inc. v. Alpha Media Grp.*, No. 13-cv-00377, 2014 WL 12589641 (C.D. Cal. Jan. 2, 2014), is telling. In that case, as here, the complaint alleged continuing infringement without stating when the allegedly infringing conduct

---

it is inherently improper for a court to address the availability of remedies on a motion to dismiss. Both cases are also factually distinct, as discussed below.

[6] Epidemic also cites *Jacobsen*, but the court there appears to have misapprehended the ordering of events required under Section 412, since it cited "allegations that the alleged infringement occurred *earlier*" as grounds for denying a motion to strike plaintiff's prayer for attorney's fees. 609 F. Supp. 2d at 935 (emphasis added). Infringement must have commenced *later* than registration to support a claim for statutory damages and fees (unless registration was made within three months of publication). 17 U.S.C. § 412.

began, and the plaintiff's copyright registrations established that "none of [its] registrations were completed within three months after the first publication of the corresponding" works. *Id.* at *5. Because the plaintiff made "no attempt to identify the date of first infringement" for most of its works, the court dismissed its claims for statutory damages *without leave to amend*. *Id.* at *5-6. This case demands the same treatment.

Where Epidemic attempts to distinguish other cases cited in Meta's motion, its attempts are unavailing. For example, Epidemic claims that *McGucken v. Chive Media Grp. LLC*, No. 18-cv-01612, 2018 WL 3410095 (C.D. Cal. July 11, 2018), is distinguishable because "the court found that . . . the dates of infringement of the works at issue were not solely in the control of the defendant." *Id.* at *5. But that is true of this case, too, since all of the infringement Epidemic appears to be complaining about were apparently available on a "single, publicly accessible website." *Wright v. Buzzfeed, Inc.*, No. 8-cv-02187, 2018 WL 2670642, at *3 (C.D. Cal. 2018) (finding that knowledge regarding allegedly infringing content occurring on a public website was not "particularly within [defendant's] possession and control"). And, at the very least, Epidemic knows when it became aware of facts sufficient to provide a reasonable basis for its infringement allegations under Rule 11. Epidemic also claims that in *Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-cv-00933, 2020 WL 1877707 (N.D. Cal. April 15, 2020), the plaintiff "explicitly alleged that the infringement complained of took place years before the copyright was registered" (Opp. at 18 n.13), but that is not correct. Instead, the court in that case found that plaintiff "fail[ed] . . . to allege the date [defendant's] alleged infringement commenced," and ultimately held that "[a]lthough [plaintiff] argues only [defendant] knows the 'full extent' of its infringement," "such possibility does not suffice to 'raise a right to relief above the speculative level.'" 2020 WL 1877707, at *7 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Likewise, Epidemic's pleading does not support a right to the relief it seeks.

In addition, the Complaint's bare allegation of "continuing infringement" does not save Epidemic's claims, since Epidemic has alleged no facts plausibly suggesting that there was a "separate and distinct" post-registration act of infringement for each work. Although Epidemic ignores it (in the hopes of evading it), binding Ninth Circuit precedent establishes that "the first

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700-701 (9th Cir. 2008). Thus, to state a claim for statutory damages and fees, Epidemic must identify some post-registration infringement that is "separate and distinct;" that is, something other than the same defendant infringing the same work or works in the same manner.[7] *Id.* at 701; *see also Por Los Rios, Inc. v. Lions Gate Entm't, Inc.*, No. 13-cv-7640, 2014 WL 12605374, at *5 (C.D. Cal. May 21, 2014); *Big Run Studios*, 2022 WL 126117, at *4-5. But Epidemic's complaint does not allege that Meta began to infringe *any* work after it was registered, nor that any such post-registration infringement was of a different kind than any pre-registration infringement. *See Sims v. Amazon, Inc.*, No. 20-cv-04389, 2022 WL 739524, at *4 (C.D. Cal. Jan. 27, 2022) ("Sims cannot save his requests for statutory damages and attorney's fees by alleging continuing infringement or repeated violations."); *cf. Lickerish*, 2014 WL 12589641, at *2 (dismissing prayer for statutory damages and fees where pleading did "not state when [the infringing] conduct began, but it alleges that the unauthorized [acts] continue to this day"). Nor does Epidemic provide any reason to believe that the purportedly "continuing" infringement is any different from the alleged infringement it claims to have "generally" put Meta on notice of as of November 2017 (roughly *two years before* the earliest registration date)—in allegations at the same generalized, abstract level as those found in the complaint.

Instead of acknowledging that it is required to include allegations as to timing in order to state a claim for the remedies it seeks, Epidemic asserts, in a footnote, that discovery will reveal when infringement commenced. *See* Opp. at 16 n.10. That is "exactly backward." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 (11th Cir. 2014). Epidemic may view this lawsuit as an opportunity to undertake an enormous fishing expedition for "examination of Meta's databases"

---

[7] Epidemic fails to address both *Derek Andrew* and all of the Ninth Circuit district court cases that Meta cited on this issue. *See* Mot. at 19:9-20:6 (citing *Smith v. Weeknd*, No. 19-cv-2507, 2019 WL 6998666 (C.D. Cal. Aug. 23, 2019); *Goatpix LLC v. Upper Deck Co.*, No. 21-cv-1815, 2022 WL 2820738 (S.D. Cal. July 19, 2022); *Marshall v. Babbs*, No. 18-cv-03822, 2019 WL 1557429 (C.D. Cal. Apr. 10, 2019)). Instead, Epidemic cites *Elektra* for the proposition that it need only plead "past and continuing infringement." Opp. at 16:23-17:3 (citing *Elektra*, 551 F. Supp. 2d at 239). But, in that case, the plaintiff's eligibility for statutory damages and attorney's fees under Section 412, which hinges on the date infringement commenced, was not before the court.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

1  and "system logs."  But filing a complaint does not, on its own, entitle a plaintiff to discovery.
2  *See, e.g.*, *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 n.7 (9th Cir. 2014) ("[D]iscovery *follows* the
3  filing of a well-pleaded complaint.  It is not a device to enable the plaintiff to make a case when
4  his complaint has failed to state a claim." (citation and quotations omitted)); *Dichter-Mad Family*
5  *Partners, LLP v. United States*, 707 F. Supp. 2d 1016, 1052 (C.D. Cal. 2010) (similar), *aff'd*, 709
6  F.3d 749 (9th Cir. 2013).  Indeed, in another case in this District where the plaintiff (like Epidemic)
7  argued only the defendant could know the timing and other details of its infringement, the court
8  dismissed plaintiff's claims for statutory damages and fees, finding that "such possibility does not
9  suffice to 'raise a right to relief above the speculative level.'"  *Becton, Dickinson*, 2020 WL
10 1877707, at *7 (quoting *Twombly*, 550 U.S. at 555).

11 Epidemic has not stated any basis in its complaint for its prayer for statutory damages and
12 attorney's fees, and cannot use such a baseless demand to drive a costly fishing expedition.
13 Epidemic's claims for such relief should be dismissed.

### C. At a Minimum, Epidemic Should Be Required to Provide a More Definite Statement Under Rule 12(e)

16 In opposing Meta's alternative request for a more definite statement, Epidemic cites law
17 that only further supports Meta.  By failing to identify even a single allegedly infringing copy of
18 an Epidemic work anywhere on Meta's platforms, Epidemic's pleading does "not provide [Meta]
19 with a sufficient basis to frame [its] responsive pleading."  *Cellars v. Pac. Coast Packaging, Inc.*,
20 189 F.R.D. 575, 578 (N.D. Cal. 1999) (internal citations and quotations omitted) (cited in Opp. at
21 18).[8]  While Epidemic may scoff at Meta's request, courts in this District regularly grant Rule
22 12(e) motions.  *See, e.g.*, *Max Sound Corp. v. Google, Inc.*, No. 14-cv-04412, 2015 WL 13389943
23 (N.D. Cal. Nov. 3, 2015) (granting Rule 12(e) motion due to complaint's lack of clarity, even while
24 acknowledging that such motions are disfavored); *Palmtree Acquisition Corp. v. Neely*, No. 08-

---

[8] Once again, Epidemic makes much of *Power Ventures* (Opp. at 19:12-25), but neglects to mention that, in that case, the defendant's motion for a more definite statement was *granted in significant part*.  *See* 2009 WL 1299698, at *6 (granting Rule 12(e) motion with respect to UCL claim because "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.")).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

META PLATFORMS INC.'S REPLY
ISO MOTION TO DISMISS
CASE NO. 3:22-CV-04223-JSC

cv-3168, 2011 WL 3419493 (N.D. Cal. Aug. 4, 2011) (same); *Coren v. Mobile Entm't, Inc.,* No. 08-cv-05264, 2009 WL 264744 (N.D. Cal. Feb. 4, 2009) (same); *Commodity Futures Trading Comm'n v. Beasley,* No. 05-cv-2142, 2005 WL 2172003 (N.D. Cal. Sept. 6, 2005) (same).

Epidemic's suggestion that the Court should not look to cases outside the copyright context should be rejected—that is a meaningless distinction. In each of the cases Meta cites, as here, the defendant required more information in order to adequately respond. Epidemic's allegations are both vague and sweeping, and "fail[] to provide[] sufficient notice" to Meta about the specifics of its alleged wrongdoing. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Meta cannot be expected to adequately frame its response with so little information about the specific acts of infringement of which it stands accused. Epidemic's complaint did not identify a single allegedly infringing copy of an Epidemic work appearing in Audio Library, and the information Epidemic *has* provided is insufficient for Meta to investigate on its own. In fact, the one track Epidemic identified in its Opposition with a screenshot from Audio Library did not match any of the tracks Epidemic included in Exhibit A to its complaint. *See supra* n.4. This leaves Meta in the dark and unable to respond to Epidemic's allegations. At the very least, in the alternative to dismissing the Complaint, the Court should require Epidemic to revise its pleadings to identify the specific infringements being asserted.

## III. CONCLUSION

Meta respectfully requests that the Court grant its motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, require Epidemic to provide a more definite statement under Fed. R. Civ. P. 12(e).

Dated: November 17, 2022

Respectfully submitted,

LATHAM & WATKINS LLP

By */s/ Joseph Wetzel*
Joseph R. Wetzel
Allison L. Stillman
Brittany N. Lovejoy

Attorneys for Defendant
*Meta Platforms, Inc.*