LATHAM & WATKINS LLP
  Joseph R. Wetzel (SBN 238008)
  Brittany N. Lovejoy (SBN 286813)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600
Email: Joe.Wetzel@lw.com
       Brittany.Lovejoy@lw.com

LATHAM & WATKINS LLP
  Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: 212.906.1747
Email: Alli.Stillman@lw.com

Attorneys for Defendant *Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>          Plaintiff,<br><br>     vs.<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC., INC.,<br><br>          Defendants. | CASE NO. 3:22-cv-04223-JSC<br><br>**DEFENDANT**<br>**META PLATFORMS, INC.'S ANSWER**<br>**AND AFFIRMATIVE DEFENSES**<br><br>The Honorable Jacqueline Scott Corley<br><br>**JURY TRIAL DEMANDED** |

# ANSWER

Defendant Meta Platforms, Inc. ("Meta"), by and through its undersigned attorneys, hereby files its Answer and Affirmative Defenses to Plaintiff Epidemic Sound, AB's ("Epidemic") Complaint. Meta denies all allegations that it does not expressly admit. The numbered paragraphs in this Answer correspond to the numbered paragraphs in Epidemic's Complaint. The headings used by Epidemic in the Complaint are restated below for ease of reference, but no admissions are made thereby.

## NATURE OF THE ACTION

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 1.

2. Meta denies the allegations in Paragraph 2.

3. Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 3.

4. Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 4.

5. Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 5.

6. Meta denies the allegations in Paragraph 6.

7. Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, as to the allegations within the first and third sentences of Paragraph 7, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, and on that basis denies them. Meta otherwise denies any remaining allegations in the first and third sentences of Paragraph 7. As to the second sentence of Paragraph 7, Meta admits that its product, Instagram, includes the "Original Audio" and Reels "Remix" features, but

otherwise denies the allegations and characterizations in that sentence. Meta denies the remaining allegations in Paragraph 7.

8. Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 8.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 9.

10. Meta admits that it offers eligible rights holders certain rights manager tools in order to assist with their efforts in monitoring the use of their content by users of Meta's products. Meta denies the remaining allegations in Paragraph 10.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, Meta admits that while it has given Epidemic access to Meta's Rights Manager tool, it has not given Epidemic access to the rights management features it is contractually required to provide to certain music content providers with whom it has commercial agreements. Meta otherwise denies any remaining allegations in Paragraph 11.

12. Meta admits that Epidemic seeks relief in the form of declaratory and injunctive relief, as well as monetary damages. Meta denies that Epidemic is entitled to any of this relief.

## PARTIES

13. Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 13.

14. Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 14.

15. Meta admits that it is one of the most well-known social media and technology companies in the world. Meta also admits that it has over 80 offices worldwide and, as of the date of this Answer, has headquarters located at 1601 Willow Road, Menlo Park, CA 94025, but otherwise denies the allegations. Meta further admits that it offers the products known as Facebook and Instagram.

**JURISDICTION AND VENUE**

16. Paragraph 16 contains legal conclusions to which no response is required. To the extent a response is required, Meta denies that it has committed or is committing any acts of infringement anywhere, including in this venue, but to promote judicial economy, Meta does not challenge this court's jurisdiction.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Meta admits that the claims are between a citizen of a state and a citizen or subject of a foreign state. Meta also admits that Epidemic purports that the amount in controversy exceeds $75,000. Meta denies, however, that Epidemic states a claim for damages exceeding this amount. Meta further denies any implication that Epidemic is entitled to any damages at all.

18. Paragraph 18 states legal conclusions to which no response is required. To the extent a response is required, in the interest of judicial economy, Meta admits the allegations in Paragraph 18.

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Meta denies that it has committed or is committing any acts of infringement anywhere, including in this venue, but to promote judicial economy, Meta does not challenge the propriety of venue in this district.

**DIVISIONAL ASSIGNMENT**

20. Paragraph 20 states legal conclusions to which no response is required. To the extent a response is required, Meta denies that it has committed or is committing any acts of infringement anywhere, including in this county, but to promote judicial economy, Meta does not challenge the propriety of venue in this district.

# FACTUAL ALLEGATIONS

I. **META'S RAMPANT INFRINGEMENT OF EPIDEMIC'S MUSIC**

21. Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 21.

22. Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 22.

23. Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 23.

24. Paragraph 24 states legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 24.

25. Paragraph 25 states legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 25.

A. **Through Its Music Library, Meta Has Actively Stored, Curated, Reproduced, Performed And Distributed Epidemic's Music To Its Users, Directly Infringing Epidemic's Copyrights.**

26. The first, third and fourth sentences of Paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and on that basis denies them. Meta otherwise denies any remaining allegations in the first, third and fourth sentences of Paragraph 26. As to the second sentence of Paragraph 26, Meta admits that it maintains an Audio Library that contains tracks provided by Meta's licensor partners. Meta further admits that this Audio Library allows users to add licensed music to their Instagram Reels

and Stories, but otherwise denies the characterization of the Audio Library. Meta otherwise denies any remaining allegations of Paragraph 26.

27. Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and on that basis denies them. Meta otherwise denies any remaining allegations in Paragraph 27.

28. Meta admits that it makes available to its Facebook and Instagram users the licensed music in its Audio Library that is provided by Meta's licensor partners, but otherwise denies the allegations in Paragraph 28. The first sentence of Paragraph 28 also includes legal conclusions to which no response is required. To the extent a response is required, Meta denies those allegations.

29. Meta denies the allegations in the first sentence of Paragraph 29. As to the second sentence of Paragraph 29, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in that sentence, and on that basis denies them. Meta otherwise denies any remaining allegations in the second sentence of Paragraph 29.

30. As to the first sentence of Paragraph 30, Meta denies the allegations in that sentence. As to the second sentence of Paragraph 30, Meta presently lacks knowledge or information sufficient to either admit or deny whether Epidemic has availed itself of any advertising revenue sharing opportunities in connection with any specific allegedly unauthorized content on Meta's platforms. Meta otherwise denies the allegations in the second sentence of Paragraph 30.

**B.    The Original Audio And Reels Remix Features Offered By Meta Directly Infringe And Facilitate The Rampant Infringement Of Epidemic's Tracks**

29. Paragraph 29 [sic] states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 29.[1]

30. Meta admits that its platform includes the "Original Audio" and Reels "Remix" features. To the extent Paragraph 30 [sic] seeks to characterize these products, Meta denies that characterization.

---

[1] Epidemic's Complaint repeats the paragraph numbers 29 and 30. For clarity, Meta has mirrored this repetition.

31. Meta admits that Instagram's Reels feature allows users to record short multi-clip videos with audio. Meta also admits that a user may search for and use in their Reels licensed audio from the Audio Library provided by Meta's licensor partners. Meta further admits that Exhibit B appears to depict a version of Instagram's public website as it appeared on April 28, 2022. To the extent the allegations of Paragraph 31 seek to paraphrase or characterize the contents of Exhibit B, the document speaks for itself, and Meta denies the allegations to the extent that they are inconsistent with that document. Meta denies any remaining allegations in Paragraph 31.

32. Meta admits that the "Original Audio" feature allows Instagram users to click into the original audio contained in user-uploaded videos. Meta also admits that users can "save" original audio into a library accessible by that user on Instagram from which the audio can be played and/or used to create a new Reel that uses that same audio content, but otherwise denies Epidemic's characterization of the "Original Audio" feature. Meta admits that Exhibit C appears to depict a version of Facebook's webpage as it appeared on April 13, 2022. To the extent the allegations of Paragraph 32 seek to paraphrase or characterize the contents of Exhibit C, the document speaks for itself, and Meta denies the allegations to the extent that they are inconsistent with that document. Meta denies the remaining allegations in Paragraph 32.

33. Meta admits that the Facebook website, as of April 13, 2022, included the language quoted in Paragraph 17, but denies Epidemic's characterization of that language. Meta denies the remaining allegations in Paragraph 33.

34. Meta denies the characterization of the "Original Audio" feature and any remaining allegations in the first sentence of Paragraph 34. As to the second sentence of Paragraph 34, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and on that basis denies them. Meta otherwise denies any remaining allegations in the second sentence of Paragraph 34.

35. Meta admits that Reels "Remix" is a feature that allows a user to incorporate another user's Reel into their own, including any audio in the original Reel, but denies Epidemic's characterization of this tool. Further, the first sentence of Paragraph 35 states a legal conclusion

to which no response is required. To the extent a response is required, Meta denies the allegations in that sentence. Meta denies the remaining allegations in Paragraph 35.

36. Meta admits that Exhibit D appears to depict a version of Facebook's public webpage as it appeared on April 13, 2022, and includes the language quoted in Paragraph 36, but denies Epidemic's characterization of that language. To the extent the allegations of Paragraph 36 seek to paraphrase or characterize the contents of Exhibit D, the document speaks for itself, and Meta denies the allegations to the extent that they are inconsistent with that document. Meta denies the remaining allegations in Paragraph 36.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 37.

38. Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 and on that basis denies them. Meta otherwise denies the allegations in Paragraph 38. Further, Paragraph 38 states a number of legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 38.

39. The first sentence of Paragraph 39 states legal conclusions to which no response is required. To the extent that a response is required, as to the first sentence of Paragraph 39, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 and on that basis denies them. Meta otherwise denies any remaining allegations in the first sentence of Paragraph 39. As to the second sentence of Paragraph 39, Meta denies the allegations in that sentence. Meta also denies the Paragraph's characterization of the Reels "Remix" the "Original Audio" features. As to the first and second sentences in the footnote in Paragraph 39, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in that sentence, and therefore denies those allegations. Meta otherwise denies the allegations in the first and second sentences in the footnote in Paragraph 39. The third sentence in the footnote in Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in the third sentence in the footnote

in Paragraph 39.  Except as specifically admitted, Meta denies the allegations in the footnote in Paragraph 39.

40.   Meta denies the allegations in Paragraph 40.

41.   Paragraph 41 states legal conclusions to which no response is required.  To the extent a response is required, Meta denies the characterization of how the "Original Audio" feature works, and the remaining allegations in Paragraph 41.

42.   Paragraph 42 states legal conclusions to which no response is required.  To the extent a response is required, Meta denies the characterization of how the Reels "Remix" feature works, and the remaining allegations in Paragraph 42.

**II.   META HAS PURPOSEFULLY HINDERED EPIDEMIC'S ABILITY TO PROTECT ITS INTELLECTUAL PROPERTY AND HAS REFUSED TO PROVIDE EPIDEMIC WITH ACCESS TO THE TOOLS DESIGNED TO HELP EPIDEMIC IDENTIFY AND STOP INFRINGEMENT**

43.   Paragraph 43 states legal conclusions to which no response is required.  To the extent a response is required, Meta denies the allegations in this Paragraph.

44.   Meta admits that it offers eligible content creators and licensors with whom it has entered commercial agreements certain rights management features.  Meta also admits that Exhibit E appears to depict a version of Facebook's public webpage as it appeared on April 13, 2022, and Exhibits F and G appear to depict versions of Facebook's public webpage as it appeared on April 5, 2022.  Meta also admits that, on those dates, those web pages included the language quoted in Paragraph 44, but denies Epidemic's characterization of that language.  To the extent the allegations of Paragraph 44 seek to paraphrase or characterize the contents of these exhibits, the documents speak for themselves, and Meta denies the allegations to the extent that they are inconsistent. Meta denies the remaining allegations in Paragraph 44.

45.   Meta admits that while it has given Epidemic access to Meta's Rights Manager tool, it has not given Epidemic access to the rights management features it is contractually required to provide to certain music content providers to whom it has commercial agreements.  Meta denies the remaining allegations in Paragraph 45.

46. Meta admits that it offers eligible rights holders with which it has entered commercial agreements certain rights management features. Meta denies any remaining allegations in Paragraph 46.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent response is required, Meta denies the allegations in this Paragraph.

### III. META HAS BEEN ON NOTICE OF ITS INFRINGING CONDUCT BUT HAS REFUSED TO ADDRESS ITS WIDESPREAD INFRINGEMENT

48. Paragraph 48 states legal conclusions to which a response is not required. To the extent a response is required, Meta admits that the parties have engaged in pre-suit discussions, but otherwise denies the allegations in Paragraph 48.

49. As to the first sentence of Paragraph 49, Meta admits that the parties have engaged in pre-suit discussions, but otherwise denies the allegations in that sentence. As to the second sentence of Paragraph 49, Meta admits that while it has given Epidemic access to Meta's Rights Manager tool, it has not given Epidemic access to the rights management features it is contractually required to provide to certain music content providers with whom it has commercial agreements. Except as specifically admitted, Meta denies the allegations in Paragraph 49.

50. Meta admits that Epidemic has raised unspecified and unsubstantiated claims of infringement on an ongoing basis, but otherwise denies the allegations in Paragraph 50.

51. Meta admits that Meta has informed Epidemic Sound that it receives music content for inclusion in its Audio Library pursuant to licenses from content providers. Meta denies any remaining allegations in Paragraph 51.

52. Meta admits that Epidemic has represented that it is the exclusive owner of the copyrights in and to the musical works in its catalog and that a license was required from Epidemic in order to make Epidemic's music available on Meta's platforms, but Meta does not have a sufficient basis to confirm or deny the truth or falsity of that representation. Meta denies the allegations in Paragraph 52 on that basis. Meta denies the remaining allegations in Paragraph 52.

53. Meta admits that Rob Arcamona made the quoted statement. Meta denies the characterization that this was an acknowledgement of Epidemic's claim of infringement. And to

the extent that Epidemic seeks to otherwise characterize this quotation, Meta denies that characterization. Meta denies any remaining allegations in Paragraph 53.

54. Meta admits that a representative from Epidemic made the quoted statement, but Meta does not have a sufficient basis to confirm or deny the truth or falsity of that representation. Meta denies the allegations in Paragraph 54 on that basis.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 55.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 56.

57. Meta admits that it has entered into licenses with major record labels and others. Meta also admits that Exhibit H and I appear to depict versions of Facebook and Instagram's public web pages as they appeared on July 7, 2022, and April 28, 2022, respectively. Meta further admits that Exhibit I includes the language quoted in Paragraph 57, but denies Epidemic's characterization of this language. To the extent the allegations of Paragraph 57 seek to paraphrase or characterize the contents of these exhibits, the documents speak for themselves, and Meta denies the allegations to the extent that they are inconsistent with these documents. Meta denies the remaining allegations in Paragraph 57.

**FIRST CAUSE OF ACTION**

**(Direct Copyright Infringement)**

58. Meta incorporates its responses to Paragraphs 1-57, including its responses to duplicate paragraphs 29 and 30 above.

59. Paragraph 59 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 59.

60. Paragraph 60 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 60.

61. Meta denies Paragraph 61's characterization of how Meta's Audio Library functions. Meta admits that Epidemic represents that it has exclusive reproduction, distribution and public performance rights to the tracks in their catalog, but Meta does not have a sufficient

basis to confirm or deny the truth or falsity of that representation. Meta denies those allegations on that basis. Further, Paragraph 61 states a number of legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 61.

62. Paragraph 62 states legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 and on that basis denies them. Meta otherwise denies the characterization of what "Original Audio" and "Reels Remix" are and the mechanisms by which they work, as well as any remaining allegations in Paragraph 62.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 63.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 64.

65. Paragraph 65 states legal conclusions to which no response is required. To the extent a response is required, Meta denies that Epidemic is entitled to costs, including reasonable attorneys' fees.

66. Paragraph 66 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 66.

## SECOND CAUSE OF ACTION

**(Inducement of Copyright Infringement)**

67. Meta incorporates its responses to Paragraphs 1-66 above.

68. The first and third sentences in Paragraph 68 state legal conclusions to which no response is required. To the extent a response is required, Meta denies these allegations. As to the second sentence in Paragraph 68, Meta admits that Epidemic represents that it owns the copyrights and the exclusive reproduction, distribution and public performance rights in the works listed in Exhibit A, but Meta does not have a sufficient basis to confirm or deny the truth or falsity of that representation. Meta denies the allegations in the second sentence of Paragraph 68 on that basis.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent, a response is required, Meta admits that its platform includes an Audio Library, and also admits that its platform includes the "Original Audio" and Reels "Remix" features, but otherwise denies the allegations in that sentence. Further, to the extent Epidemic seeks to characterize the Audio Library product and the "Original Audio" and Reels "Remix" features, Meta denies that characterization. Meta denies the remaining allegations in Paragraph 69.

70. Paragraph 70 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 70.

71. Paragraph 71 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 71.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is required, Meta denies that Epidemic is entitled to costs, including reasonable attorneys' fees.

73. Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 73.

## THIRD CAUSE OF ACTION

### (Contributory Copyright Infringement)

74. Meta incorporates its responses to Paragraphs 1-73, including its responses to duplicate paragraphs 29 and 30 above.

75. The first and third sentences in Paragraph 75 state legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 75. As to the second sentence of Paragraph 75, Meta admits that Epidemic represents that it owns the copyrights and the exclusive reproduction, distribution and public performance rights in the works listed in Exhibit A, but Meta does not have a sufficient basis to confirm or deny the truth or falsity of that representation. Meta denies the allegations in the second sentence of Paragraph 75 on that basis.

76. Paragraph 76 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 76.

77. Paragraph 77 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 77.

78. Paragraph 78 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 78.

79. Paragraph 79 states legal conclusions to which no response is required. To the extent a response is required, Meta denies that Epidemic is entitled to costs, including reasonable attorneys' fees.

80. Paragraph 80 states legal conclusions to which no response is required. To the extent a response is required, Meta denies the allegations in Paragraph 80.

## PRAYER FOR RELIEF

To the extent an answer to the Paragraphs in Epidemic's Prayer for Relief is required, Meta denies each of those allegations and denies that Epidemic is entitled to any of the relief it seeks.

## AFFIRMATIVE DEFENSES

Meta asserts the following defenses to Epidemic's Complaint, without assuming the burden of proof on such defenses that would otherwise fall on Epidemic. Meta reserves the right to supplement or amend these defenses during and after the course of discovery, and does not knowingly or intentionally waive any applicable affirmative defense.

## FIRST DEFENSE

### (Failure to State a Claim)

Epidemic's Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND DEFENSE

### (Lack of Requisite Volition)

Meta did not have the volition required to be liable for direct infringement.

//

//

//

//

## THIRD DEFENSE

### (Lack of Requisite Knowledge)

Meta did not know about, have reason to know about, and was not willfully blind to any infringement as is required to be liable for contributory infringement. Further, Epidemic has failed to state a claim for any underlying direct infringement.

## FOURTH DEFENSE

### (No Inducement, Material Contribution, Or Simple Measures to Prevent Infringement)

Meta did not intentionally induce or materially contribute to any infringement. To the extent there was infringing content, there are no simple measures Meta can take to prevent such infringement. In any event, Epidemic has failed to state a claim for any underlying direct infringement.

## FIFTH DEFENSE

### (DMCA Section 512)

The Digital Millennium Copyright Act's safe harbors shield Meta from monetary liability for material stored at the direction of its users. Meta operates its platform consistent with the requirements for DMCA safe harbor eligibility, including with prompt responses to DMCA-compliant takedown notices. Meta does not have actual or "red flag" knowledge of any infringements of Epidemic works that would give rise to an obligation to remove those works from its platform. Nor has Meta received any direct financial benefit directly attributable to any alleged infringement of Epidemic works in a case where Meta had the right and ability to control such allegedly infringing activity.

## SIXTH DEFENSE

### (Express/Implied License)

Upon information and belief, Epidemic grants to its subscribers licenses that allow those users to post their content on Meta's Instagram and Facebook products. As such, copies posted by those users on Meta's products have been expressly or impliedly authorized by Epidemic.

## SEVENTH DEFENSE

### (Statute of Limitations)

Upon information and belief, many, if not all, of Epidemic's claims are barred by the statute of limitations. Epidemic has pleaded that it was aware of the alleged acts of infringement as early as November 2017. Under the Copyright Act, claims must be "commenced within three years after the claim is accrued." 17 U.S.C. § 507(b). Any claims based on conduct prior to July 2019 are therefore barred. Accordingly, many, if not all, of Epidemic's claims are barred by the statute of limitations.

## EIGHTH DEFENSE

### (Ineligibility for Statutory Damages or Attorneys' Fees)

To the extent Epidemic establishes any acts of infringement by Meta, Epidemic is ineligible for statutory damages or attorneys' fees. Under Section 412 of the Copyright Act, a plaintiff cannot recover an "award of statutory damages or of attorney's fees" for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. Further, statutory damages and attorneys' fees are not recoverable even if a second or continuing infringement occurs after registration, when the initial infringement of the work at issue began before the copyright owner registered the already-published work. Epidemic's earliest registration date for the works at issue is December 1, 2019, which upon information and belief is after the works' publication and not within three months of the works' publication date. Accordingly, Epidemic's infringement claims are ineligible for the remedies of statutory damages and/or attorneys' fees.

## NINTH DEFENSE

### (Innocent Infringement)

To the extent Epidemic establishes any acts of infringement, Meta was not aware and had no reason to believe its acts constituted an infringement of Epidemic's copyrights, allowing for the Court to reduce any award of statutory damages to an amount as low as $200 per work infringed. 17 U.S.C. § 504(c)(2).

## TENTH DEFENSE

### (Failure to Satisfy Requirements for an Injunction)

Epidemic is not entitled to injunctive relief because it has failed to state facts sufficient to support a claim for injunctive relief, and there is an adequate remedy at law.

## ELEVENTH DEFENSE

### (Failure to Satisfy Requirements for a Declaratory Judgment)

Epidemic's claims for a declaratory judgment are barred to the extent there is an adequate remedy at law.

## TWELFTH DEFENSE

### (Copyright Misuse)

Epidemic's claims are barred, in whole or in part, by the doctrine of copyright misuse. The copyright misuse affirmative defense generally applies where a defendant can prove one of the following: (1) a violation of the antitrust laws; (2) that the copyright owner otherwise illegally extended its monopoly; or (3) that the copyright owner violated the public policies underlying the copyright laws. Upon information and belief, Epidemic has aggregated many copyrights, obfuscated the rights it controls and threatened Meta with heightened statutory damages over undisclosed works. All this is in hopes of coercing Meta to pay for a blanket license that it neither wants or needs. Such conduct gives Epidemic power that far exceeds the intended scope of its copyright and runs directly counter to the public policy embodied in the grant of their copyrights.

## THIRTEENTH DEFENSE

### (Unclean Hands)

Epidemic's claims are barred because, upon information and belief, Epidemic has come to this Court with unclean hands due to copyright misuse and related equitable conduct.

## FOURTEENTH DEFENSE

### (Failure to Mitigate)

Despite Meta's repeated requests, Epidemic has refused to inform Meta of the location of any allegedly infringing work such that Meta could cease any alleged infringement. Accordingly, Epidemic has failed to take reasonable action to minimize any damages allegedly sustained and is

therefore barred from recovering any damages which might reasonably have been avoided had it identified any specific alleged acts of infringement to Meta.

### FIFTEENTH DEFENSE

### (Fair Use)

Epidemic's claims for copyright infringement are barred by the doctrine of fair use pursuant to 17 U.S.C. § 107 given the nature of the works asserted by Epidemic, the amount (if any) and substantiality (if any) of use by Meta, and the effect of Meta's use (if any) on the potential market for the works.

### SIXTEENTH DEFENSE

### (De Minimis Copying)

Epidemic's claims for copyright infringement are barred by the doctrine of de minimis copying. To the extent Meta used Epidemic tracks at all (it did not), the amount of use, at most, was de minimis.

### SEVENTEENTH DEFENSE

### (Failure to Name or Join Necessary Parties)

Epidemic has failed to name or join necessary parties to the present action, including but not limited to certain persons or entities who purport to have the same rights or interests in the works at issue.

### ADDITIONAL DEFENSES

Meta asserts, and expressly reserves all rights with respect to, all counterclaims, cross-claims, third-party claims, or contribution claims that may be revealed during the course of discovery. Meta also asserts and expressly reserves all rights with respect to all other defenses that may be revealed during the course of discovery. Meta expressly reserves the right to amend and/or supplement this Answer.

### PRAYER

Meta generally denies that Epidemic is entitled to any of the relief requested by the paragraph and subparagraphs referencing Epidemic's prayer for relief. Meta prays for the following:

a. A finding that Meta is not liable to Epidemic, or that Epidemic's claims are barred, in whole or in part, based on one or more of the affirmative defenses asserted herein;

b. An award to Meta of its costs and expenses, including its reasonable attorneys' fees; and

c. Such other and further relief as the Court deems just.

## JURY DEMAND

Meta demands a trial by jury on all issues so triable.

Dated: December 12, 2022

Respectfully submitted,

LATHAM & WATKINS LLP

By   */s/ Joseph R. Wetzel*
Joseph R. Wetzel
Allison L. Stillman
Brittany N. Lovejoy

Attorneys for Defendant
*Meta Platforms, Inc.*