1  PRYOR CASHMAN LLP
     Ilene S. Farkas (*pro hac vice*)
2    ifarkas@pryorcashman.com
     M. Mona Simonian (*pro hac vice*)
3    msimonian@pryorcashman.com
   7 Times Square
4  New York, New York 10036
   Phone: (212) 421-4100
5  Fax: (212) 326-0806

6  SINGER CASHMAN LLP
     Adam S. Cashman (State Bar No. 255063)
7    acashman@singercashman.com
     Evan Budaj (State Bar No. 271213)
8    ebudaj@singercashman.com
   505 Montgomery Street, Suite 1100
9  San Francisco, California 94111
   Phone: (415) 500-6080
10 Fax: (415) 500-6080

11 *Attorneys for Plaintiff Epidemic Sound, A.B.*

LATHAM & WATKINS LLP
  Joseph R. Wetzel (SBN 238008)
  Brittany N. Lovejoy (SBN 286813)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600
Email:  Joe.Wetzel@lw.com
        Brittany.Lovejoy@lw.com

LATHAM & WATKINS LLP
  Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: 212.906.1747
Email: Alli.Stillman@lw.com

*Attorneys for Defendant Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br>              Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC.,<br>              Defendants. | CASE NO. 3:22-cv-04223-JSC<br><br>**STIPULATED [~~PROPOSED~~] CLAWBACK ORDER PURSUANT TO FED. R. EVID. 502(D)** |

1. **PURPOSE**

Pursuant to Federal Rules of Evidence 502(d), this Order will govern the production or disclosure of any documents protected from discovery, including under the attorney-client privilege, work product doctrine, the joint defense or common interest privilege, privacy laws and regulations, or any other immunity from discovery (collectively "privilege or protection"), and accompanying metadata ("Protected Documents").

2. **TREATMENT OF PROTECTED DOCUMENTS**

(a)   The production of any Protected Documents is not a waiver of any privilege or protection from discovery in this case or in any other federal or state proceeding, including subject matter waiver, associated with such Protected Documents regardless of the circumstances of the disclosure.

(b)   This Order shall provide the maximum protection allowed by Federal Rule of Evidence 502(d) with regard to Protected Documents. Federal Rule of Evidence 502(b) does not apply to any disputes regarding Protected Documents, and instead this Stipulated 502(d) Order governs all disputes regarding Protected Documents produced in this litigation. Nothing contained herein requires the production of Protected Documents, and no party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

3. **CLAWBACK AGREEMENT**

In the event that a producing party discovers that it produced Protected Document(s), it shall provide written notice of the claim of privilege or protection to the receiving party (a "Clawback Notice"), sufficiently identifying the Protected Document(s) within a reasonable time.

Any Protected Document that is the subject of a Clawback Notice shall be included on a privilege log if and as required by the privilege-logging procedures agreed to by the parties or ordered by the Court. The producing party shall provide the privilege log details for the clawed back document at the time of the Clawback Notice.

As soon as practicable after providing the Clawback Notice, the producing party shall provide (i) if only a portion of the document contains privileged or protected material, a new

copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld.

4. **PROCEDURES FOLLOWING CLAWBACK NOTICE**

(a)     Subject to a receiving party's right to challenge a Clawback Notice as provided herein, within fourteen (14) calendar days of receipt of a Clawback Notice (regardless of whether the receiving party agrees with or plans to challenge the producing party's claim of privilege or protection), the receiving party must promptly return and/or destroy the Protected Document(s), all copies thereof, sequester any notes or attorney work product that refers to or excerpts the contents of the Protected Documents, and certify to the producing party when this return, destruction, and/or sequester is complete.

(b)     If a receiving party challenges a claim that a Protected Document specified in a Clawback Notice is privileged or protected, the receiving party shall notify the producing party of its intention to challenge such claim of privilege or protection within fourteen (14) calendar days of receiving the Clawback Notice and must challenge the claim within fourteen (14) calendar days after notifying the producing party, during which time the parties will meet and confer in an effort to resolve their disagreement.  If the receiving party does not challenge the claim within fourteen (14) calendar days, the receiving party must destroy any notes or attorney work product that refers to or excerpts the contents of the Protected Documents and certify to the producing party when this sequester is complete on or before the expiration of the fourteen (14) calendar day period for making a challenge.  If, however, the receiving party timely challenges the claim, the receiving party may sequester notes or attorney work product that refers to or excerpts the contents of the Protected Documents subject to the Clawback Notice pending resolution of the challenge by the Court, after which time such notes and attorney work product shall be used and/or destroyed as required to comply with the Court's decision on the challenge (*i.e.,* destroyed in the event the

challenge is denied). In opposing any challenge hereunder, the producing party will provide the clawed back document for purposes of an *in camera* review.

    (c)    The receiving party must not use or disclose the Protected Document(s) covered by the Clawback Notice during the time in which the receiving party is challenging the Protected Document(s).

5. **PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED DOCUMENTS**

In the event that a receiving party discovers that it has received or examined Document(s) that are, or are reasonably likely to be, subject to a claim of privilege or protection, the receiving party promptly shall (i) sequester the Document(s), and (ii) within seven (7) calendar days of such discovery, notify the producing party of the production or disclosure by identifying the bates range(s) of the Document(s) the receiving party believes are or may be privileged or protected (a "Production Notice"). Upon the producing party's receipt of a Production Notice, if the producing party determines that the subject Document(s) are privileged or protected, the receiving party shall immediately destroy or return the Protected Documents and the producing party shall promptly provide any replacement images as described in Section 3 above.

6. **PROCEDURES DURING DEPOSITION AND HEARING**

    (a)    If, during a deposition, a producing party claims that a Document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is privileged or protected, the producing party may, in its sole discretion, do one or more of the following: (i) allow the Protected Document to be used during the deposition without waiver of any claim of privilege or protection; (ii) allow questioning about the Protected Document but instruct the witness not to answer questions concerning the parts of the Protected Document containing privileged or protected material; or (iii) object to the use of the Protected Document at the deposition, in which case no questions may be asked and no testimony may be given relating to the Protected Document or the privileged or protected portion of the Document until the matter has been resolved by agreement or by the Court.

(b)     In all events, once the Protected Document is no longer in use at the deposition, the receiving party shall immediately sequester all copies of the Document. As to any testimony subject to a claim of privilege or protection, the producing party shall serve a Clawback Notice within seven (7) calendar days after receipt of the final transcript of the deposition, after which the parties shall follow the procedures set forth in Sections 2 and 3, as applicable. Pending determination of any challenge to such a Clawback Notice, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with Section 4. In the event the Court decides the clawback dispute in the receiving party's favor and the receiving party was denied the opportunity to examine a witness as to the materials at issue, the witness shall be made available as soon as practicable after the Court's decision subject to any terms or limitations set forth in the Federal Rules of Civil Procedure, the Local Civil Rules, or other applicable law or court order.

(c)     If a receiving party uses Protected Documents in a brief or at a hearing, and the producing party has not served a Clawback Notice as to those Protected Documents in advance of the briefing event or hearing, the producing party must serve a Clawback Notice within seven (7) calendar days of the receipt of the briefing or hearing. Thereafter, the procedures set forth in Section 4 apply. To the extent any privileged or protected material is placed in the public record in connection with briefing or a hearing, the receiving party shall join or not oppose a motion to preliminarily seal the privileged or protected material.

7.     **PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any party is aware that it has obtained Protected Documents or has received a Clawback Notice, or it is reasonably apparent that the party has obtained privileged or protected information through production, disclosure, or communications, such Protected Documents and/or information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: April 6, 2023          *s/ Ilene S. Farkas*
                              _____
                              Counsel for Plaintiff

Dated: April 6, 2023   *s/ Joseph R. Wetzel*
_____
Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated: April 7, 2023

**GRANTED**
*Jacqueline Scott Corley*
Judge Jacqueline Scott Corley

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA