LATHAM & WATKINS LLP
 Joseph R. Wetzel (SBN 238008)
 Brittany N. Lovejoy (SBN 286813)
 Ivana Dukanovic (SBN 312937)
 Peter Calello (SBN 341757)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone: 415.391.0600
Email: *Joe.Wetzel@lw.com*
   *Brittany.Lovejoy@lw.com*
   *Ivana.Dukanovic@lw.com*
   *Peter.Calello@lw.com*

LATHAM & WATKINS LLP
 Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: 212.906.1747
Email: *Alli.Stillman@lw.com*

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>   Plaintiff,<br><br> vs.<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC.,<br><br>   Defendant. | CASE NO. 3:22-cv-04223-JSC<br><br>**DECLARATION OF IVANA DUKANOVIC IN SUPPORT OF STIPULATION AND [PROPOSED] ORDER EXTENDING DEADLINE TO PRODUCE LICENSING AGREEMENTS**<br><br>The Honorable Jacqueline Scott Corley |

## DECLARATION OF IVANA DUKANOVIC

I, Ivana Dukanovic, declare as follows:

1. I am an attorney with the law firm of Latham & Watkins LLP and counsel of record in this matter for Defendant Meta Platforms, Inc. ("Meta").  I am admitted to practice law in this Court.  I have personal knowledge of the facts set forth below, and if called upon to do so, could and would competently testify thereto.

2. I submit this declaration in support of Stipulation and [Proposed] Order Extending Deadline to Produce Licensing Agreements pursuant to Civil Local Rule 6-2(a).

3. On August 9, 2022, Plaintiff Epidemic Sound, AB ("Epidemic") and Meta (collectively, the "Parties") stipulated to an extension of time for Meta to respond to the Complaint from August 11, 2022 to September 26, 2022.  Dkt. No. 27.

4. On October 6, 2022, in response to a stipulation by the Parties, the Court ordered an extension to the Parties' briefing schedule on Meta's motion to dismiss, such that Epidemic's opposition was due on November 1, 2022 and Meta's reply was due on November 17, 2022.  Dkt. No. 34.

5. On January 13, 2023, the Court set the case management schedule and discovery deadlines for the case.  Dkt. No. 44 at 1–2.  The case management schedule set the following deadlines, among others:

   a. Fact Discovery Cut-Off: August 30, 2023
   b. Opening Expert Witness Disclosures and Reports (on issues where party bears the burden of proof): September 19, 2023
   c. Rebuttal Expert Witness Reports: October 30, 2023
   d. Expert Discovery Cut-Off: November 20, 2023

6. On July 5, 2023, the Court continued the fact discovery cut-off by 60 days, moving it to October 30, 2023 (the "July 5 Order").  Dkt. No. 101 at 2–3.  The Court added that it would "revisit case deadlines at the August 31 conference and the parties' joint statement should as well."  *Id.* at 3.

7. On September 14, 2023, in response to a stipulation by the Parties, the Court ordered a temporary vacatur of case deadlines. Dkt. No. 117.

8. On October 17, 2023, in response to a stipulation by the Parties, the Court set a briefing schedule for Epidemic's motion as described on the record at the October 3, 2023 evidentiary hearing. Dkt. No. 125.

9. On November 22, 2023, in response to a stipulation by the Parties, the Court ordered an extension to the deadline for Epidemic to file its reply in support of its motion to strike as described on the record at the October 3, 2023 evidentiary hearing, such that Epidemic's reply was due on December 6, 2023. Dkt. No. 132.

10. On May 2, 2024, the Parties proposed a new case schedule. Dkt. No. 145 at 13.

11. On May 10, 2024, the Court set a new case schedule based on the dates proposed by the Parties. Dkt. Nos. 148, 151.

12. On June 5, 2024, the Court held a case management conference during which the Parties met and conferred regarding and the Court heard certain discovery disputes. Dkt. No. 154.

13. During that conference and hearing, the Court ordered Meta to produce its licensing agreements with Sony Music Entertainment and Sony Music Publishing ("Sony"), Warner Music Group and Warner Chappell Music ("Warner"), Universal Music Group and Universal Music Publishing Group ("UMG"), BMG Rights Management (US) LLC ("BMG"), and Kobalt Music Group ("Kobalt") within thirty days of that conference. Dkt. No. 156 at 8:18–24.

14. Counsel for Meta notified each relevant music partner of the Court's order for production of the licensing agreements between Meta and that music partner. I sent or reviewed each of these emails.

15. Sony, Warner, and UMG respectively, requested additional time to consider whether to seek relief from the Court's order compelling Defendant's production of their license agreements, and thereby are requesting the Parties stipulate to extending the deadline by which Defendant must produce its licensing agreements with them.

16. The Parties have agreed to stipulate to an extension such that Meta has until August 30, 2024 to produce its agreements with Sony, Warner, UMG, BMG, and Kobalt, respectively, and Sony, Warner, UMG, BMG, and Kobalt shall be entitled, prior to production, to object to or seek to condition production of their license agreements with Defendant.

17. Meta will not produce the ordered license agreements until the earlier of it receiving authorization to do so from the respective music partner or the stipulated deadline of August 30, 2024.

18. The stipulated extension should have no effect on the case schedule given that the close of document discovery is currently set for October 18, 2024.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 2, 2024, at San Francisco, California.

_____
Ivana Dukanovic