PRYOR CASHMAN LLP
  Ilene S. Farkas (*pro hac vice*)
  ifarkas@pryorcashman.com
  M. Mona Simonian (*pro hac vice*)
  msimonian@pryorcashman.com
  Marion R. Harris (*pro hac vice*)
  mharris@pryorcashman.com
  Brian M. Maida (*pro hac vice*)
  bmaida@pryorcashman.com
7 Times Square
New York, New York 10036
Phone: (212) 421-4100
Fax: (212) 326-0806

BRAUNHAGEY & BORDEN LLP
  Adam S. Cashman (State Bar No. 255063)
  cashman@braunhagey.com
747 Front Street, 4th Floor
San Francisco, California 94111
Phone: (415) 599-0210
Fax: (415) 599-0210

Attorneys for Plaintiff *Epidemic Sound, A.B.*

LATHAM & WATKINS LLP
  Joseph R. Wetzel (SBN 238008)
  Brittany N. Lovejoy (SBN 286813)
  Ivana Dukanovic (SBN 312937)
  Peter Calello (SBN 341757)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600
Email:  Joe.Wetzel@lw.com
        Brittany.Lovejoy@lw.com
        Ivana.Dukanovic@lw.com
        Peter.Calello@lw.com

LATHAM & WATKINS LLP
  Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: 212.906.1747
Email:  Alli.Stillman@lw.com

Attorneys for Defendant *Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EPIDEMIC SOUND, AB, <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC., f/k/a FACEBOOK, INC., <br><br> Defendant. | Case No. 3:22-cv-04223-JSC <br><br> **JOINT STATEMENT RE DISCOVERY DISPUTE – RIGHTS MANAGER DATA (RFP 27)** |

The parties respectfully submit this Joint Statement regarding a discovery dispute related to Epidemic's request that Meta provide a full and complete export of data from its Rights Manager system concerning Epidemic's works, as first requested by Epidemic in RFP No. 27 on January 12, 2023.

**Plaintiff's Position**.  As was observed by Plaintiff's counsel during the Initial CMC on January 12, 2023, "[t]his case is about data" concerning the use of Epidemic's copyrighted works on Meta's platforms and of the works infringing those copyrighted works on Meta's platforms. RFP No. 27 seeks data maintained by Meta in Epidemic's Rights Manager ("RM") account, which reveals the extent and scope of Epidemic works Meta has infringed.  Some 20 months later, Epidemic is still seeking, and Meta is still refusing to produce, this RM data critical to identifying, litigating, and resolving the full scope of unauthorized uses of Epidemic's works by Meta, forcing Plaintiff to seek the Court's assistance to obtain a full export of Epidemic's RM account.

On January 12, 2023, in RFP No. 27, Epidemic requested "[a] copy of all data associated with Epidemic's Rights Manager account." *See* Ex. A at 28.  Because it is undeniable that such data – which provides a record of all audio in Meta's systems that Meta identifies as matching Epidemic's audio reference files – is within the scope of discovery in this action, on February 27, 2023, Meta agreed to produce in response to RFP No. 27 all "responsive [information] associated with Epidemic's Rights Manager account, subject to Epidemic's consent." *Id*. at 29.[1]  However, nearly six months later, Meta served Second Amended R&Os, purporting to materially limit its production to RM data concerning only "the reference files associated with the 900 tracks that remain asserted in Corrected Exhibit A to the Complaint." *See* Ex. C at 28.  Epidemic immediately rejected the waived objections and included authority from this Court making clear that the untimely, Second Amended R&Os were ineffective.  *See* Ex. D.

At no point did the parties agree to limit discovery to the representative works identified in the Complaint.  Rather, Epidemic has been clear from the commencement of this action that it is seeking and is entitled to discovery to determine the full scope of Meta's mass infringement of its catalog.  *See, e.g.*, ECF No. 1 at ¶¶ 59, 60 (alleging Meta is infringing "Epidemic's copyrighted songs," "including but not limited to the Tracks on Exhibit A hereto" (emphasis added)).  While Meta seeks to produce data concerning only the 900 representative works[2] identified in the

---

[1] Meta tried to limit the time period for which such data was to be produced, but, following Court guidance, it removed any date limitation on its responsive production.  *See* Ex. B at 8, 25.

[2] The representative sample in the Complaint included 900 works that Epidemic was able to locate based on limited data accessible to it.  It was labeled as representative precisely because the

1

Complaint, its position is inconsistent with the view of Epidemic, this Court, and the law. Indeed, the Court made clear that Epidemic is "not at all limited to those 900 [works identified in Exhibit A to the Complaint]." (1/12/23 CMC Tr. at 10:6-7 (emphasis added)). The Court went on to express its skepticism of any attempt by Meta to limit discovery to the 900 representative works:

> If Meta is violating their copyright, they have a right to find out. And I don't think they have to sit there and know and only sue on that and what? -- and then they sue again? But as long as they don't know because of how it's being done, they don't have to pay? I'm not sure I agree with you. (1/12/23 CMC Tr. at 15:3-7.)

This view is consistent with the law surrounding mass infringements, which provides that where, as here, there are "hundreds, even thousands" of infringements at issue, the plaintiff is not required to identify "in its complaint, every copyright relied on."[3] Meta knows this, as even it has argued (successfully) that mass infringement complaints "need not define the exact contours of the protected material because copyright claims do not require particularized allegations."[4] Instead, such plaintiffs are entitled to "discovery into the extent of infringement" "beyond" the "expressly illustrative" copyrights identified in the pleadings.[5] And when additional infringed works are "revealed through discovery," they are definitively "in issue" in such "massive infringement" cases, even where a "non-exhaustive list of" works were identified in the pleading.[6] Thus, Meta cannot refuse to turn over evidence of other infringements it has in its possession.

Meta is aware that the RM data is directly relevant, as it will disclose evidence of (i) infringements of Epidemic works on Meta's platforms, (ii) Meta's awareness thereof, and (iii) Epidemic's damages, as such data will reveal the extent of the usage of Epidemic's works on Meta's platforms, all of which information Epidemic is entitled to discover and has repeatedly requested, contrary to Meta's ironic arguments below concerning timeliness.[7] And because Meta

---

complete data necessary to identify all of Meta's infringements is solely within Meta's possession.
[3] *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1123 (C.D. Cal. 2001).
[4] *Facebook, Inc. v. Power Ventures, Inc.*, 2009 WL 1299698, at *3 (N.D. Cal. May 11, 2009).
[5] *Cengage Learning, Inc. v. Davis Textbooks*, 2016 WL 8730880, at *2 (E.D. Cal. Sept. 16, 2016); *see also CoStar Grp., Inc. v. Com. Real Est. Exch. Inc.*, No. 20-cv-8819 (CBM) (ASx), ECF 135 at 5 (C.D. Cal. Apr. 18, 2022) (granting motion to compel and rejecting "attempt to limit [discovery] to the approximately 11,300 images identified" in complaint, which "impermissibly restricts [plaintiff's] attempt to discover the full extent of the alleged infringement").
[6] *Disney Enterprises, Inc. v. VidAngel, Inc.*, 2019 WL 13020442, at *1 (C.D. Cal. May 1, 2019).
[7] Meta's suggestion that Epidemic waited until "[m]ere weeks" before the substantial completion

1  cannot genuinely dispute the critical nature of this evidence, it instead seeks to shield disclosure
2  through a claim of "burden."  Yet, Meta cannot credibly argue that an export of RM account data
3  is burdensome because Meta provides RM users with "push button" data export feature.[8]
4  Moreover, any argument that discovery would expand or become more burdensome because Meta
5  is infringing many more of Epidemic's works rings hollow.

6  Epidemic therefore requests that the Court enter an order compelling Meta to produce a
7  full export of all data associated with Epidemic's RM account within 20 days, to permit the parties
8  to review the information before the scheduled close of document discovery.

9  **Defendant's Position:**  On the eve of the September 30 substantial completion deadline,
10  Epidemic seeks to compel discovery related to tens of thousands of works in its catalog that it has
11  apparently never had a Rule 11 basis to claim were infringed—despite having continuous access
12  to a Rights Manager account that it can use (and has used) to identify alleged copies of its works
13  on Meta's platforms. Epidemic's complaint only identifies and asserts claims as to 900 Epidemic
14  works, less than 2% of the approximately 45,300 reference files in Epidemic's Rights Manager
15  account.  Epidemic argues that it is nonetheless entitled to discovery on these 44,400 additional
16  works because those asserted in the complaint are merely "representative."  But this is a copyright
17  infringement case, not a class action, or a case "about data."  Each copyright infringement claim
18  is work-specific, with each work subject to entirely separate proof of ownership and unauthorized
19  use, as well as any number of separately applicable defenses.  Indeed, the law requires a copyright
20  plaintiff to register and establish ownership over each work it seeks to assert in litigation.  *See* 17
21  U.S.C. § 411; *Topolos v. Caldewey*, 698 F.2d 991, 994 (9th Cir. 1983).  These requirements would

---

deadline to seek this discovery is disingenuous.  Epidemic has been formally seeking it for 20 months, and it has been the subject of numerous submissions.  ECF 63 at 3-4 (3/23/23); 89 at 3-4 (6/23/23); 134 at 6 (12/12/23).  And for much of this year, the Court had limited discovery to a sample of 10 works.

[8] Indeed, until this case commenced, Meta provided instructions for such export on its website on a page entitled "Export Match, Reference, and Conflict Data in Rights Manager."  *See* https://www.facebook.com/business/help/1946865908904044?id=708699556338610.  However, this user-accessed export only goes back 18 months (which has prevented Epidemic from being able to access a full view into its own account for the relevant time period).  Given this feature, it is unclear why Meta cannot export the full relevant time period with ease.

be meaningless if a plaintiff could bring a single copyright infringement claim for one work to cover an entire catalog of unidentified works.

For this reason, courts have rejected similar attempts by plaintiffs to rely on "non-exhaustive"[9] or "exemplary" lists of works to assert claims related to "yet to be identified" works,[10] reasoning that a defendant "is entitled to clear notice" of the "copyrights he is alleged to have infringed."[11] Epidemic's cases do not counsel otherwise. *Cybernet* suggests a plaintiff may develop through discovery the full "scope of the infringement" of asserted works but requires a plaintiff to "alleg[e] present ownership," "registration in compliance with [Section 411]," and "infringement by defendant" to state a claim.[12] And Facebook's statement in *Power Ventures* that "it need not define the exact contours of the protected material" was in response to an argument it had not adequately pleaded which "portions" of an asserted copyright had been infringed— Facebook did not seek to litigate unasserted works.[13] Epidemic's other cases are either distinguishable[14] or, respectfully, wrongly decided.[15]

A plaintiff cannot use discovery as a "fishing expedition" into unpleaded works[16]—even where that plaintiff has tried to hold open the possibility that additional works might have been

---

[9] *Adobe Sys. Inc. v. Software Speedy*, 2014 WL 7186682, at *6 (N.D. Cal. Dec. 16, 2014).

[10] *Premier Tracks, LLC v. Fox Broad. Co.*, 2012 WL 13012714, at *2 (C.D. Cal. Dec. 18, 2012); *see also Gold Value Int'l Textile, Inc. v. Sanctuary Clothing LLC*, 2017 WL 3477746, at *7–8 (C.D. Cal. May 12, 2017) ("action cannot proceed as to any alleged infringement" of works whose "registrations were not identified in the pleadings" absent amendment); *Cole v. John Wiley & Sons, Inc.*, 2012 WL 3133520, at *12 (S.D.N.Y. Aug. 1, 2012) ("insufficient to list certain works ... and then allege that the [infringement] claim is also intended to cover other, unidentified works").

[11] *Adobe*, 2014 WL 7186682, at *6.

[12] *Cybernet*, 167 F. Supp. 2d at 1120.

[13] *Power Ventures*, 2009 WL 1299698, at *3.

[14] *Disney*, 2019 WL 13020442, at *1 (allowing litigation to proceed on additional unasserted works *after liability had already been established* as to asserted works); *CoStar*, No. 20-cv-8819, ECF 135 at 4, 5, 6-7 (allowing discovery into unasserted but specifically identified works and works plaintiff already established were subject to the same course of defendant conduct).

[15] The brief order in *Cengage*, *supra* n.5, does not engage with the fundamental principles of pleading or copyright law; its holding has never been cited by any other court.

[16] *Teradyne, Inc. v. Astronics Test Sys., Inc.*, 2022 WL 18397125, at *6 (C.D. Cal. Dec. 22, 2022) (denying plaintiff's attempt to take discovery into unasserted copyrights); *see also Psihoyos v. Pearson Educ., Inc.*, 2010 WL 11889066, at *1 (S.D.N.Y. Dec. 7, 2010) (treating different works as separate infringement claims and denying discovery into unpleaded works).

infringed with "including but not limited to"-type qualifications in its complaint.[17]  Plaintiffs "have no entitlement to discovery to develop new claims … that are not already identified in the pleadings." Fed. R. Civ. P. 26(b)(1), Adv. Comm. Note.  This Court rightly rejected Epidemic's attempts to seek discovery into these works absent amendment after the early conference Epidemic cites.  *See, e.g.*, 7/5/23 CMC Tr. at 8:6-11; 12/18/23 CMC Tr. at 8:22-9:25.

Epidemic's claim that Meta waived its objection is belied by the record.  Meta explicitly stated in its initial, timely-served objections that its response to RFP 27 was "[s]ubject to the foregoing Specific and General Objections," including Meta's objection to producing discovery beyond "the works listed in Corrected Exhibit A to Plaintiff's Complaint."  Ex. A at 6, 28.[18]

Further, as Epidemic well knows from countless meet and confers, there is no way for Meta to simply "export" all the data points Epidemic has requested regarding its works.[19]  Meta has gone to great lengths to consolidate data from numerous sources for the asserted works in the agreed-upon form of interrogatory responses.  Gathering this data for 900 works has taken Meta several months; conducting the same exercise for 44,000 additional works would explode the case schedule.  The burden here is not because "Meta is infringing many more of Epidemic's works."  Again, despite having continuous access to Rights Manager—including the so-called "export button"—Epidemic does not claim that each of the works it seeks discovery into have been infringed.  And the voluminous data Meta would be required to collect would include thousands of posts by Epidemic's *own* subscribers.  All this is to say nothing of the additional discovery *Meta* would be entitled to regarding the additional works, including registration information and chain of title documents.[20]  Should Epidemic be awarded the discovery it seeks, the case schedule would be radically disrupted.

---

[17] *Oracle Am., Inc. v. HPE*, 2016 WL 11806000, at *2 (N.D. Cal. Nov. 7, 2016) (denying motion to compel discovery into unasserted works).
[18] *See also* 3/30/23 CMC Tr. at 24:13-25:7; Dkt. 63 at 5-6; Ex. C at 28.
[19] The so-called "export button" provides rights holders, including Epidemic, with data less fulsome than that Epidemic has demanded and that Meta has agreed to provide with respect to the works in suit.
[20] As confirmed on a Sept. 23, 2024 meet and confer, Epidemic is also improperly witholding its responses to several interrogatories, refusing to answer on the basis of its own knowledge and with respect to the works in suit until it receives the demanded "full export."

Respectfully submitted,

Dated:  September 25, 2024          */s/ Ilene S. Farkas*
                                    Counsel for Plaintiff


Dated:  September 25, 2024          */s/ Joseph R. Wetzel*
                                    Counsel for Defendant

| | |
|---|---|
| 1 | **ATTESTATION** |
| 2 | Pursuant to Civil Local Rule 5-1(h)(3), I attest that all other signatories listed, and on whose |
| 3 | behalf this filing is submitted, concur in the filing's content and have authorized the filing. |

Date: September 25, 2024                          */s/ Brian M. Maida*
                                                                    Brian M. Maida

7