# EXHIBIT A

LATHAM & WATKINS LLP
  Joseph R. Wetzel (SBN 238008)
  Brittany N. Lovejoy (SBN 286813)
  Ivana Dukanovic (SBN 312937)
  Peter Calello (SBN 341757)
505 Montgomery Street, Suite 2000
San Francisco, California  94111-6538
Telephone: 415.391.0600
Email:  *Joe.Wetzel@lw.com*
          *Brittany.Lovejoy@lw.com*
          *Ivana.Dukanovic@lw.com*
          *Peter.Calello@lw.com*

LATHAM & WATKINS LLP
  Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone:  212.906.1747
Email:  *Alli.Stillman@lw.com*

*Attorneys for Defendant Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC.,<br><br>　　　　Defendants. | CASE NO. 3:22-cv-04223-JSC<br><br>**META'S ADDITIONAL STATEMENT IN SUPPORT OF META'S PORTION OF THE JOINT STATEMENT RE DISCOVERY DISPUTE - RIGHTS MANAGER DATA. (DKT. NO. 170)**<br><br>The Honorable Jacqueline Scott Corley |

The recently produced document submitted by Epidemic Sound, AB ("Epidemic") under the guise of an Administrative Motion to Consider Whether to File Under Seal Newly Produced Documents unremarkably provides that, at a commercial partner's request, Meta Platforms, Inc. ("Meta") can export limited information to that commercial partner. But the Court should not accept Epidemic's invitation to overread the term "export." The export referenced in the document produced by Meta concerns only a list of present Rights Manager conflicts requiring that partner's resolution—the same present conflicts information Epidemic has had directly available to it throughout the course of this litigation. *See* Dkt. No. 170 at 3 n.8.

To be clear, the limited data export referenced in Epidemic's improper "reply" submission is not the "full export" discussed in the parties' Joint Statement Re Discovery Dispute - Rights Manager Data (the "dispute"). Dkt. No. 170. That dispute concerns a much broader request for data showing <u>all</u> user content and Audio Library tracks on Meta's platform that have ever matched or conflicted with Epidemic's works, with follow-on requests for the dates that those works were added and removed from the Audio Library, the dates and times those works were saved to a user's account, the identity of videos embodying those works that were created using Meta's Reels Remix or Original Audio tools, as well as a number of other data points , *all of which Meta is providing for every asserted work in this case after a burdensome, monthslong collection*. *See* Meta's Updated Exhibit A, dated October 1, 2024, to Epidemic's Interrogatories Nos. 7/9 and 8/10.

In all events, Epidemic's submission cannot cure the fundamental Rule 26 problem with Epidemic's requested relief, which at the close of document discovery seeks information regarding tens of thousands of tracks that Epidemic has never asserted in this case and is therefore outside the scope of discovery. This is especially so given that Epidemic has had ongoing access to Meta's Rights Manager tool and the ability to directly investigate those tens of thousands of tracks during the two years that this case has been pending, just as they did for the 900 tracks Epidemic determined it had a Rule 11 basis to assert.

Rule 26(b)(1) does not permit discovery into claims and defenses that no party has asserted. *See* Dkt. 70 at 4. But that is exactly what Epidemic is seeking at the eleventh hour—sweeping discovery into tens of thousands of never-before-identified works that are not subject to claims of

infringement, each of which would require individualized discovery, proof, and defenses had Epidemic ever asserted them. Absent a Rule 11 pleading from Epidemic, there is no basis to know which, if any, of those tens of thousands of works could even plausibly support a claim that would warrant the immensely burdensome discovery Epidemic attempts to pursue here without basis. Meta has substantially completed its production of documents related to all of the claims and defenses currently before the Court; Epidemic's requested relief should be denied as a paradigmatic fishing expedition.

Dated: October 7, 2024

      /s/ Brittany N. Lovejoy
      Brittany N. Lovejoy
      LATHAM & WATKINS LLP
      *Attorney for Defendant Meta Platforms, Inc.*