UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>    Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 22-cv-04223-JSC<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT LETTER AND ADMINISTRATIVE MOTIONS**<br><br>Re: Dkt. Nos. 170, 173, 174 |

In this copyright infringement action, Plaintiff alleges Defendant infringed 900 of its copyrighted songs. Pending before the Court is a discovery dispute joint letter regarding Plaintiff's document request No. 27 for all data associated with Plaintiff's "Rights Manager account." (Dkt. No. 170.) Meta responded on February 27, 2023, that it would "produce non-privileged information dated on or after July 20, 2019 responsive [sic] associated with Epidemic's Rights Manager account, subject to Epidemic's consent, to the extent such documents exist and are identified by a reasonable, good-faith search." (Dkt. No. 170-1 at 31.) Meta then amended its response on April 26, 2023 to eliminate the date in its response and instead represented: "Meta will produce responsive, non-privileged information associated with Epidemic's Rights Manager account, to the extent such documents exist and are identified by a reasonable, good-faith search." (Dkt. No. 170-2 at 27.) But, a little over a year ago, Meta amended its response to Request No. 27 to advise that it would only produce the requested data in connection with the 900 copyrights asserted in Plaintiff's complaint. (Dkt. No. 170-3 at 30.)

Plaintiff now moves to compel Meta to produce all data in Epidemic's Rights Manager account, even data associated with music tracks which Plaintiff has not asserted in this action. Plaintiff argues that the evidence is relevant—not to prove its infringement claim based on the

tracks already asserted in this lawsuit—but rather because it will reveal additional Epidemic-owned copyrights that Meta infringed.  Plaintiff's motion is DENIED.

To prove its copyright infringement claims, Plaintiff must prove ownership of a valid copyright and infringement by the defendant.  *Topolos v. Caldewey*, 698 F.2d 991, 994 (9th Cir. 1983).  "Ownership of the copyright is therefore always a threshold question." *Id.*  So, assuming the data sought reveals additional copyrighted tracks, Plaintiff will have to obtain leave to amend the complaint to allege ownership of those tracks.  But allowing such an amendment would make this complicated action even more unmanageable.  Plaintiff would have to produce all its evidence showing copyright registration, including chain of title evidence.  And Meta would then have to produce evidence regarding third parties who may have licensed the work to Meta.  Given how long it has taken just to obtain relevant discovery (which is not complete) for the 900 works already alleged in this action, allowing amendment would unduly delay this action even more.  The cases upon which Plaintiff relies do not persuade the Court it should allow discovery to facilitate Plaintiff's ability to move for leave to expand the number of copyrighted works at issue in this lawsuit.  For example, *Cengage Learning, Inc. v. Davis Textbooks*, No. 2:15-CV-2401 TLN AC, 2016 WL 8730880, at *2 (E.D. Cal. Sept. 16, 2016), involved a single copyrighted work—not a case with 900 different copyrights already asserted.  And, it appears the plaintiff was the creator of the works so the chain of title questions at issue in this case were not present.  In others, the court, in its discretion, allowed the discovery.

The Court is also not persuaded by Plaintiff's additional evidence.  One week after filing the joint discovery dispute letter, Plaintiff filed an administrative motion with additional evidence in support of its position set forth in the joint dispute and a request to consider whether that evidence should be sealed.  (Dkt. No. 173.)  Plaintiff asserts the evidence, produced five days after submission of the joint discovery dispute letter, demonstrates Meta can produce the requested data with minimal burden.  (Dkt. No. 173-2 ¶ 3.)  The Court agrees with Meta that the data export referenced in the additional evidence is different in kind from Plaintiff's request No. 27 for "all

2

1  data associated with Epidemic's Rights Manager account."[1] The additional evidence is therefore
2  not probative as to the burden request No. 27 will impose on Meta. But the Court GRANTS the
3  motion to seal Dkt. No. 173-2 in part and Dkt. No. 173-3 in full because the additional evidence
4  contains confidential business information. (Dkt. No. 176); *see In re Qualcomm Litig.*, No. 3:17-
5  CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing sealing is
6  warranted to prevent competitors from "gaining insight into the parties' business model and
7  strategy"); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812,
8  at *1 (N.D. Cal. June 1, 2020) (finding "[c]onfidential business information . . . satisfies the
9  compelling reasons standard" for sealing) (cleaned up).

Thus, the Court, in its discretion, and given the difficulty in the production of relevant discovery for the 900 works already at issue in this case, declines to compel the production of documents for the asserted purpose to expand the number of copyrighted works asserted.

This Order disposes of Docket Nos. 170, 173, and 174.

**IT IS SO ORDERED.**

Dated: October 10, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

[1] Meta requested leave to submit an additional statement to address the new evidence, (Dkt. No. 174), which the Court grants. The Court considered the additional statement Meta filed with its motion. (Dkt. No. 174-2.)

3