UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>  Plaintiff,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>  Defendant. | Case No.  22-cv-04223-JSC<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 202 |

On October 10, 2024, the Court denied Epidemic Sound, AB's ("Epidemic") request to compel Meta Platforms, Inc. ("Meta") to produce a full export of all data associated with Epidemic's Rights Manager account.  (Dkt. Nos. 170, 177.)  Pending before the Court is Epidemic's motion for leave to file a motion for reconsideration of the Court's October 10, 2024 order.  Having carefully considered the parties' submissions, and with the benefit of oral argument on January 28, 2025, the Court DENIES Epidemic's motion for leave to file a motion for reconsideration.  Nevertheless, the Court has inherent authority to modify interlocutory orders and does so here.  By February 14, 2025, Meta must produce the on-demand export of Epidemic's Rights Manager account.

**BACKGROUND**

On September 25, 2024, the parties submitted a joint statement "regarding a discovery dispute related to Epidemic's request that Meta provide a full and complete export of data from its Rights Manager system concerning Epidemic's works."  (Dkt. No. 170 at 1.)  Epidemic asserted such data was "critical to identifying, litigating, and resolving the full scope of unauthorized uses of Epidemic's works by Meta."  (*Id.* at 2.)  Meta responded "there [was] no way . . . to simply 'export' all the data points" Epidemic requested and that such discovery "would explode the case

|   |   |
|---|---|
| 1 | schedule." (*Id.* at 6.) |
| 2 | On October 10, 2024, the Court denied Plaintiff's request: |

> [T]he Court, in its discretion, and given the difficulty in the production of relevant discovery for the 900 works already at issue in this case, declines to compel the production of documents for the asserted purpose to expand the number of copyrighted works asserted.

(Dkt. No. 177 at 3.)

Epidemic subsequently filed a motion for reconsideration and to compel a complete export of Epidemic's Rights Manager account. (Dkt. No. 188.) The Court granted Meta's request to strike that motion because it did not comply with the requirements of Civil Local Rule 7-9. (Dkt. No. 197.) The motion to strike was granted "without prejudice to Plaintiff filing a motion for leave to file a motion for reconsideration, accompanied by a motion for reconsideration/to compel." (Dkt. No. 197.) Accordingly, Epidemic filed the pending motion. (Dkt. No. 202.)

**DISCOVERY DISPSUTE**

The Court DENIES Epidemic's request for leave to file a motion for reconsideration of the Court's October 10, 2024 order. Epidemic has not made the showing required by Civil Local Rule 7-9(b). For example, while Epidemic asserts "the Court failed to consider that Epidemic also sought evidence to rebut Meta's affirmative defenses to the infringements already identified," (Dkt. No. 202 at 12), Epidemic's portion of the joint discovery dispute letter contains no mention of affirmative defenses. The Court could not fail to consider an argument never presented to it. Epidemic also argues the Court overlooked prevailing on-point law from mass infringement cases. But in ruling on the joint letter, the Court considered the district court cases Epidemic re-cites in the present motion. Moreover, district courts cases are not "dispositive legal arguments" as Epidemic asserts, *see* Civil L.R. 7-9(b), particularly in the context of discovery disputes where district courts are vested with broad discretion. Epidemic's other arguments are also unpersuasive.

Nevertheless, the Court has inherent authority to reconsider its October 10, 2024 order. *See City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be

2

sufficient.") (quotation marks omitted and emphasis removed). Under this inherent authority, and for the reasons stated at oral argument, the Court orders Meta to produce the on-demand export of Epidemic's Rights Manager account no later than February 14, 2025.

## ADMINISTRATIVE MOTIONS RE: SEALING

Accompanying its motion for leave to file a motion for reconsideration, Epidemic filed two administrative motions to consider whether documents Meta designated as confidential should be sealed. (Dkt. Nos. 203, 216.) In response, Meta filed declarations in support of sealing. (Dkt. Nos. 207, 218.) Meta also filed two administrative motions to seal documents it designated as confidential and documents Epidemic designated as confidential. (Dkt. Nos. 209, 210.) Epidemic filed a declaration in support of the latter administrative motion. (Dkt. No. 212.)

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (cleaned up). So, "we start with a strong presumption in favor of access to court records." *Id.* (cleaned up). "Despite this strong preference for public access, we have carved out an exception for sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* at 1097 (cleaned up). Under this exception, a party seeking to seal a judicial record must show "good cause" for the record's sealing. *Id.* "The good cause standard requires a particularized showing that specific prejudice or harm will result if the information is disclosed." *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) (cleaned up) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

Because the materials the parties seek to seal are "unrelated, or only tangentially related, to the underlying cause of action," the Court applies the good cause standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Except as described below, the parties have satisfied the good cause standard. The documents and portions of documents Epidemic and Meta seek to seal contain information about the parties' business operations and negotiations. Because disclosure could disadvantage the parties in negotiations and provide an advantage to their competitors, sealing is appropriate. *See, e.g., Bos. Ret. Sys. v. Uber Techs., Inc.*, No. 19-CV-

06361-RS (DMR), 2024 WL 665647, at *8 (N.D. Cal. Feb. 16, 2024) (granting motion to seal under the good cause standard to seal discovery documents attached to nondispositive motions "because they reflect legal, business, accounting, and regulatory analyses[.]"); *Lyft, Inc. v. AGIS Software Dev. LLC*, No. 21-CV-04653-BLF, 2022 WL 1505879, at *2 (N.D. Cal. Apr. 7, 2022) ("The Court finds that AGIS Software has shown good cause to file the documents and portions of documents at issue under seal given the sensitive financial and business information they contain.").

So, the Court GRANTS the motions to seal except as to the following:

- Whether the on-demand Rights Manager account export is time-limited.  During oral argument, counsel for Meta said time is not a limiting factor of the on-demand export, therefore waiving confidentiality as to this matter. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006) (sealing inappropriate as to information "already publicly available").

- Whether Meta provided rightsholders on-demand exports.  During oral argument, counsel for Meta acknowledged it had provided exports to other rightsholders, therefore waiving confidentiality as to this matter. *See id.*

- Docket No. 216-2 at 11, lines 6:15-18—which Meta, the designating party, attests "do not reveal Meta confidential information."  (Dkt. No. 218 at 2 n.2.)

- As Meta acknowledges (Dkt. No. 218 at 3), Docket No. 215-4 is not sealable in full.  So, the parties should refile Docket No. 218-1 with only the highlighted portions redacted.

The parties are ordered to meet and confer and file documents consistent with this sealing order by February 21, 2025.

## CONCLUSION

The Court DENIES Epidemic's motion for leave to file a motion for reconsideration. Nevertheless, pursuant to its inherent authority, the Court orders Meta to produce the on-demand export of Epidemic's Rights Manager account by February 14, 2025.  By February 21, 2025, the parties shall re-file documents according to the Court's sealing order.  In addition, the case is referred to Magistrate Judge Kang for a settlement conference at a time agreed to by Judge Kang

4

and the parties.

This Order disposes of Docket Nos. 202, 203, 209, 210, and 216.

**IT IS SO ORDERED.**

Dated: January 30, 2025

JACQUELINE SCOTT CORLEY
United States District Judge