UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>   Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC.,<br><br>   Defendant. | Case No. 22-cv-04223-JSC<br><br>**ORDER RE: DISCOVERY DISPUTE JOINT LETTER ABOUT EPIDEMIC'S MONITORING AND ENFORCEMENT EFFORTS**<br><br>Re: Dkt. Nos. 250, 251 |

Pending before the Court is a discovery dispute joint letter regarding Epidemic's monitoring and enforcement efforts. (Dkt. No. 250.) After carefully considering the parties' submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and rules as set forth below.

## I.   30(B)(6) WITNESS

Meta's motion to compel a 30(b)(6) deposition on "Epidemic's policies, practices, and procedures for monitoring use of the Works on digital platforms other than Meta's Services" is GRANTED in part. Epidemic shall produce a witness to testify as to Epidemic's monitoring of YouTube and TikTok. This testimony is relevant to Epidemic's claim that it was impossible for Epidemic to demand take down of infringing works. (Dkt. No. 202 at 12-13 ("Epidemic suspects that such data will show exactly what Epidemic has claimed from the outset: that the infringement of its works on Meta's platform is widespread and continuous, crippling any efforts by Epidemic to manually manage it.").) And these platforms are comparable to Meta's platforms such that the testimony is relevant. Meta has not identified other similar platforms.

## II.   PEX DOCUMENTS

Meta argues "Epidemic should produce all documents, data, records, and reports it

1  received in connection with the services of Pexeso, Inc. ('Pex')." (Dkt. No. 250 at 2.) Epidemic
2  represents it has produced information received from Pex identifying usage on Meta's platforms,
3  and that the further documents Meta seeks to compel involve aggregate data that cannot be
4  analyzed as to any specific platform, including Meta's platforms. Aside from documents related
5  to Pex's consulting expert work for this case, *see infra,* to the extent Epidemic has not produced
6  any Pex-generated Meta specific data or documents, it shall do so. But, Meta does not
7  persuasively explain how the aggregate data is relevant to a claim or defense in this action. So,
8  Meta's request is otherwise DENIED.

## III.   PEX MARKET SHARE REPORTS

Epidemic does not dispute that it has an agreement with Pex that currently requires Pex to provide non-litigation services to Epidemic. And Epidemic also does not dispute that some of the complaint's allegations were based on a Pex 2020 market share study. Epidemic nonetheless insists it does not have to produce any subsequent market share reports because Pex is a consulting expert. *See* Fed. R. Civ. P. 26(b)(4)(D).

The purpose of Rule 26(b)(4)(D) "is to create a safe harbor whereby facts and opinions of non-testifying, consulting experts are shielded from discovery, except upon a showing of exceptional circumstances." *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, 335 F.R.D. 404, 405 (N.D. Cal. 2020) (cleaned up). Epidemic, as the party asserting the privilege, "has the burden of showing that the protection applies." *Id.* "If satisfied, the party seeking production has the heavy burden of proving exceptional circumstances." *Id.*

Epidemic has met its burden of proving it retained Pex as a consulting expert following the complaint's filing. Under Rule 24(b)(4)(D), "a party may not . . . discover facts known or opinions held by an expert who has been retained or specially employed by another party . . . to prepare for trial and who is not expected to be called as a witness at trial." Epidemic's Vice President attests "[a]fter the filing of the Complaint in this action, Epidemic engaged Pexeso, Inc. ('Pex') to perform services to assist Epidemic's preparations for trial" and "Epidemic does not expect to call Pex as a witness at trial." (Dkt. No. 250-4 ¶¶ 2-4; *see also* Dkt. No. 251-5 at 3.) Meta's reliance on the deposition of a Pex representative does not eliminate Epidemic's showing.

2

Whereas it is possible the Pex representative misunderstood the terminology in the questions posed, Epidemic's Vice President clearly and unambiguously attested that Pex was retained to assist with trial preparation. And Meta does not attempt to show exceptional circumstances. So, Meta's motion to compel production of subsequent market studies prepared by Pex as a consulting expert is DENIED.

## IV. SEALING REQUEST

In connection with the discovery dispute joint letter, Meta filed an administrative motion to consider whether another party's material should be sealed. (Dkt. No. 251.) Epidemic filed a declaration in support of sealing. (Dkt. No. 253.) Epidemic contends the sealed material "contain[s] or reflect[s] confidential Epidemic business information concerning its digital rights management efforts, internal business practices and competitively sensitive information." (*Id.* ¶ 4.) While there is a presumption of access to judicial records, courts have carved out an exception for documents "attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In this case, as Epidemic has satisfied the "less exacting 'good cause' standard" for materials attached to a discovery motion, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016), the Court GRANTS the request to seal the documents and portions of documents identified at Docket No. 253 paragraph 3.

This Order disposes of Docket Nos. 250, 251.

**IT IS SO ORDERED.**

Dated: March 20, 2025

JACQUELINE SCOTT CORLEY
United States District Judge