1

2

3

4        UNITED STATES DISTRICT COURT

5        NORTHERN DISTRICT OF CALIFORNIA

6

7    EPIDEMIC SOUND, AB,                           Case No.  22-cv-04223-JSC

        Plaintiff,
8
                                                   **ORDER RE: JOINT DISCOVERY**
9        v.                                        **DISPUTE CONCERNING FEBRUARY**
                                                   **22, 2025 CLAWBACK OF**
10   META PLATFORMS, INC.,                         **DOCUMENTS**

        Defendant.                                 Re: Dkt. No. 249
11

12

13        On March 10, 2025, the parties filed a discovery dispute joint letter related to Meta's

14   clawback of 15 documents.  (Dkt. No. 249.)  Epidemic asserts the clawback was improper because

15   the documents "uniformly lacked attorneys as parties to the communications and reflected factual,

16   business information that is indisputably relevant and discoverable in this action."  (Dkt. No. 249

17   at 2.)  Meta responds "each of the documents that Epidemic is challenging either relays legal

18   advice from counsel, reveals the content of privileged communications between Meta's employees

19   and its counsel, or reflects work done at the direction of counsel in anticipation or furtherance of

20   this litigation."  (*Id.* at 4.)  Pursuant to the stipulated clawback order in this case, in the event of a

21   challenge to the producing party's claim of privilege, "the producing party will provide the clawed

22   back document for purposes of an in camera review."  (Dkt. No. 73 at 4.)

23        The Court reviewed the 15 documents at issue, which Meta seeks to clawback on the basis

24   of work-product protection and/or attorney-client privilege.  After carefully considering the

25   documents and the parties' submissions, the Court concludes oral argument is not required, *see*

26   N.D. Cal. Civ. L.R. 7-1(b), and rules as set forth below.

27   **I.    WORK-PRODUCT DOCTRINE**

28        Meta asserts four of the documents are shielded by the work-product doctrine, which

United States District Court
Northern District of California

United States District Court
Northern District of California

1   "protects from discovery documents and tangible things prepared by a party or his representative

2   in anticipation of litigation." *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011) (quotation

3   marks omitted).  To qualify for work-product protection, documents must have two

4   characteristics: (1) "they must be prepared in anticipation of litigation or for trial" and (2) they

5   must be prepared by or for another party or by or for that other party's representative.'" *In re*

6   *Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004).  Given

7   the "realit[y] that attorneys often must rely on the assistance of investigators and other agents in

8   the compilation of materials in preparation for trial[,] . . . the doctrine protect[s] material prepared

9   by agents for the attorney as well as those prepared by the attorney himself." *Id.*  "Thus, the

10  doctrine may be applied to documents created by non-attorneys so long as they are prepared 'by or

11  for another party or its representative' and they are created 'in anticipation of litigation.'" *Lewis v.*

12  *Wells Fargo & Co.*, 266 F.R.D. 433, 440 (N.D. Cal. 2010).  The party resisting production of

13  material based on the work product privilege bears the burden of proving that the privilege applies.

14  *Hernandez v. Tanninen*, 604 F.3d 1095, 1102 (9th Cir. 2010).

15       Meta has met its burden as to the following documents, which convey messages between

16  non-legal employees gathering information and preparing for settlement discussions with

17  Epidemic:

18         • **META-EPDMS_00187830**

19         • **META-EPDMS_00260111**

20       These documents meet both criteria for work-product protection: (1) they were prepared in

21  anticipation of litigation, and (2) prepared by and for a party.  Put another way, these chats would

22  not have been initiated "in substantially similar form but for the prospect of litigation." *See*

23  *Richey*, 632 F.3d at 567-68.

24       As to the following documents, Meta has not met its burden:

25         • **META-EPDMS_00282076**: Meta explains this is a chat between in-house

26           attorneys.  There is no indication the discussion occurred in anticipation of this

27           litigation as opposed to in the normal course of business.  But as described below,

28           this document is protected by attorney-client privilege.

United States District Court
Northern District of California

1   • **META-EPDMS_00282210**: As Meta describes, this is a spreadsheet "related to

2   workstreams." (Dkt. No. 249-2 at 3.) Meta has not established the spreadsheet was

3   prepared in anticipation of litigation as opposed to in the normal course of business.

4   **II.    ATTORNEY-CLIENT PRIVILEGE**

5   Meta also asserts attorney-client privilege. "The attorney-client privilege protects

6   confidential disclosures made by a client to an attorney in order to obtain legal advice . . . as well

7   as an attorney's advice in response to such disclosures." *In re Grand Jury Investigation*, 974 F.2d

8   1068, 1070 (9th Cir. 1992). It recognizes that "sound legal advice or advocacy serves public ends

9   and that such advice or advocacy depends upon the lawyer's being fully informed by the client."

10  *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The privilege is "narrowly and strictly

11  construed." *United States v. Gray*, 876 F.2d 1411, 1415 (9th Cir. 1989). The party asserting the

12  attorney-client privilege has the burden of proving that the privilege "applies to a given set of

13  documents or communications." *In re Grand Jury Investigation*, 974 F.2d at 1070.

14  Meta has met its burden with respect to the following documents:

15  • **META-EPDMS_00281048:** The redacted portion describes a meeting with legal,

16  including details about what was discussed. "[C]ommunication between nonlegal

17  employees in which the employees discuss or transmit legal advice given by

18  counsel" are protected by attorney-client privilege because they "reveal privileged

19  communications." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065,

20  1077 (N.D. Cal. 2002).

21  • **META-EPDMS_00281094:** The redacted portion relays legal advice provided to

22  the Rights Manager team. *See id.*

23  • **META-EPDMS_00281927:** As Meta explains, the redacted information includes

24  "internal drafts of deal provisions written by attorneys." (Dkt. No. 249-2 at 3.)

25  • **META-EPDMS_00282076:** This email thread between "two Meta in-house

26  attorneys" describes legal advice. (Dkt. No. 249-2 at 3.)

27  • **META-EPDMS_00277692:** The redacted portions of the document reveal legal

28  advice sought.

<div style="float:left">United States District Court<br/>Northern District of California</div>

1

2    Meta has not met its burden with respect to the following documents:

3        • **META-EPDMS_00282300:**  While Meta asserts the redactions reveal the content

4            of conversations between Meta employees and attorneys, the document provides no

5            indication the redacted information was relayed by legal counsel.

6        • **META-EPDMS_00187835:**  There is no indication the non-legal employees in

7            this chat are discussing or seeking legal advice.  While one employee says "[l]et me

8            ask" in response to a question, the employee does not say who she asked, and Meta

9            did not provide that information separately.

10       • **META-EPDMS_00281864:**  Page 281877 relays guidance from counsel and is

11           therefore privileged.  Otherwise, Meta's designations are overbroad.  Mere

12           references to "legal," contracts, or upcoming meetings with legal do not convert

13           meeting notes into either "confidential disclosures" or "attorney advice in response

14           to such disclosures."  *See In re Grand Jury Investigation*, 974 F.2d at 1070.

15       • **META-EPDMS_00282003:**  The following pages relay guidance from legal

16           counsel and are therefore privileged: 282004, 282006, 282010, and 282045.

17           Otherwise, Meta's designations are overbroad.

18       • **META-EPDMS_00282551:**  The following pages relay guidance from legal

19           counsel and are therefore privileged:  282557, 282559, 282577, 282631, 282648,

20           282650, 282666, 282670, 282672, 282678, 282680, 282685, 282691, 282695,

21           282705, 282709, 282716, 282722, 282724, 282727, 282736, 282746, 282764,

22           282765, 282766, and 282768.  Otherwise, Meta's designations are overbroad.

23       • **META-EPDMS_00282206:**  Meta explains the document was withheld "because

24           the stated goals of the document include providing information to in-house Meta

25           attorneys for the purposes of providing legal advice" and the document contains

26           meeting notes "that relay communications with Meta's attorneys."  (Dkt. No. 249-2

27           at 3.)  In reviewing the document, it is not clear which parts—if any—constitute

28           legal advice or communications from attorneys.  So, Meta has not met its burden.

4

1    Meta's other justification for withholding the document—that it says

2    "PRIVILEGED & CONFIDENTIAL"—is also insufficient.

3    • **META-EPDMS_00282209:**  This document is "related to META-

4    EPDMS_00282206" and Meta provides the same justification for withholding it.

5    (Dkt. No. 249-2 at 3.)  As the Court cannot discern what—if anything—is legal

6    advice in this spreadsheet, Meta has not met its burden.

7    • **META-EPDMS_00282210:**  That "legal" is the "owner[] of [a] workstream"

8    listed in this spreadsheet does not convert that workstream into legal advice or an

9    attorney disclosure.

10    For the reasons stated above, Meta shall reproduce the documents that are not privileged.

11   For those documents where Meta's redactions were overbroad, Meta shall further narrow its

12   redactions consistent with this Order and the fact that attorney-client privilege is "narrowly and

13   strictly construed."  *See Gray*, 876 F.2d at 1415.

14    This Order disposes of Docket No. 249.

15

16    **IT IS SO ORDERED.**

17   Dated: March 27, 2025

18

19

20   JACQUELINE SCOTT CORLEY
     United States District Judge

21

22

23

24

25

26

27

28