LATHAM & WATKINS LLP
   Joseph R. Wetzel (SBN 238008)
   Brittany N. Lovejoy (SBN 286813)
   Ivana Dukanovic (SBN 312937)
   Rachel S. Horn (SBN 335737)
   Peter Calello (SBN 341757)
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600
Email: *Joe.Wetzel@lw.com*
       *Brittany.Lovejoy@lw.com*
       *Ivana.Dukanovic@lw.com*
       *Rachel.Horn@lw.com*
       *Peter.Calello@lw.com*

LATHAM & WATKINS LLP
   Allison L. Stillman (*pro hac vice*)
1271 Avenue of the Americas
New York, New York 10020
Telephone: 212.906.1747
Email: *Alli.Stillman@lw.com*

*Attorneys for Defendant Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>        Plaintiff,<br><br>vs.<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC.,<br><br>        Defendant. | CASE NO. 3:22-cv-04223-JSC<br><br>**DEFENDANT META PLATFORMS, INC.'S NOTICE OF MOTION AND MOTION TO STAY CASE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>The Honorable Jacqueline Scott Corley<br><br>Hearing Date: August 28, 2025<br>Hearing Time: 10:00 am<br>Place: Courtroom 8 |

**NOTICE OF MOTION AND MOTION**

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on August 28, 2025, at 10:00 am, or as soon thereafter as the matter may be heard before the Honorable Jacqueline Scott Corley of the United States District Court for the Northern District of California, at the San Francisco Courthouse, Courtroom 8 – 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Meta Platforms, Inc. ("Meta") by and through its undersigned counsel will, and hereby does, move this Court for an order staying this case (except the expert discovery cut-off) pending the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, No. 24-171, 2025 WL 1787701 (U.S. June 30, 2025), or, in the alternative, an order continuing all case deadlines (except for expert discovery cut-off) until after the Supreme Court's decision in *Cox*. Meta's Motion to Stay Case is based on this Notice, the supporting Memorandum of Points and Authorities below, the concurrently filed Declaration of Allison Stillman with its accompanying exhibit, the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing.

**RELIEF SOUGHT**

Meta respectfully requests an order to stay this case pending the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, or, in the alternative, an order continuing all case deadlines (except for expert discovery cut-off) until after the Supreme Court's decision in *Cox*, such that the dispositive motions deadline is 30 days after the Supreme Court's decision, with all other dates in the remaining schedule shifting accordingly.

| | | |
|---|---|---|
| 1 | Dated: July 24, 2025 | Respectfully submitted, |
| 2 | | LATHAM & WATKINS LLP |
| 3 | | By /s/ Allison L. Stillman |
| 4 | |    Joseph R. Wetzel<br>   Allison L. Stillman |
| 5 | |    Brittany N. Lovejoy<br>   Ivana Dukanovic |
| 6 | |    Rachel S. Horn<br>   Peter Calello |
| 7 | | Attorneys for Defendant<br>*Meta Platforms, Inc.* |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") respectfully requests that the Court stay this case, or in the alternative continue the pre-trial case deadlines (including summary judgment), pending the U.S. Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, No. 24-171, 2025 WL 1787701 (U.S. June 30, 2025), which will consider the standards for (i) contributory copyright infringement and (ii) willfulness under 17 U.S.C. § 504(c). *See QP Report*, *Cox Commc'ns, Inc. v. Sony Music Entm't*, No. 24-171, 2025 WL 1787701 (U.S. June 30, 2025), https://www.supremecourt.gov/qp/24-00171qp.pdf (last visited July 24, 2025). Plaintiff Epidemic Sound, AB ("Epidemic") has asserted both against Meta in this case. Dkt. No. 1 ¶¶ 12, 56, 63, 69–70, 74–80 ("Compl."). The *Cox* decision thus may alter—and, at a minimum, will clarify—the legal standards for key issues Epidemic has raised in this case, including contributory infringement for an online service provider, inducement of copyright infringement, and willful infringement. Summary judgment briefing in this case is due on September 11, 2025, before *Cox* is even argued. Trial is scheduled for January 21, 2026, before a decision in *Cox* is likely. Thus, a retrial on liability, damages, or both will likely result if the summary judgment and trial proceedings move ahead without the benefit of the Supreme Court's forthcoming direction. Consequently, "[g]iven the similarities of the issues here to the issues pending in the appeal before the [Supreme Court], . . . the interests of judicial efficiency weigh strongly in favor of staying this matter." *Columbia Exp. Terminal, LLC v. ILWU-PMA Pension Fund*, No. 20-cv-08202-JSW, 2021 WL 4571998, at *3 (N.D. Cal. Apr. 7, 2021).

Meta respectfully requests that the Court stay the case pending the decision from the Supreme Court or, in the alternative, continue the case deadlines (except the expert discovery cut-off) such that the opening dispositive motion due date is 30 days after the Supreme Court decides *Cox,* with all other dates in the remaining schedule shifting accordingly.

## II. RELEVANT BACKGROUND

On June 30, 2025, the Supreme Court granted certiorari in *Cox*, 2025 WL 1787701. *Cox*, like this case, involves claims by a music-industry plaintiff that an online service provider is

contributorily liable for the alleged infringement by those who use its service. *See Sony Music Entm't v. Cox Commc'ns, Inc.*, 93 F.4th 222, 231–32 (4th Cir. 2024). In *Cox*, the Supreme Court will consider two legal questions relevant here: (1) whether "a service provider can be held liable for 'materially contributing' to copyright infringement . . . without showing that the service provider affirmatively fostered infringement or otherwise intended to promote it"; and (2) whether "mere knowledge of another's direct infringement suffices to find willfulness under 17 U.S.C. § 504(c)." *QP Report*, *Cox*, 2025 WL 1787701.

The first issue is relevant to Epidemic's contributory infringement and inducement of copyright infringement claims. *E.g.*, Compl. ¶¶ 69, 74–80. Specifically, Epidemic alleges that Meta is liable for contributory infringement and inducement because it provided generally available tools and systems for users to reproduce, distribute, synchronize, and perform audio content, some of which allegedly infringed Epidemic's music copyrights. *See id.* ¶¶ 69, 76. The second issue is relevant to Epidemic's assertion that Meta's alleged contributory infringement was willful under § 504(c), which impacts the range of statutory damages available for infringements of timely registered works. *E.g., id.* ¶¶ 12, 56, 77.

Epidemic itself has acknowledged the centrality of these issues to their claims. According to Epidemic, "[t]his case is about Meta creating features which allow and encourage users to easily reproduce and synchronize Epidemic's music without authorization and without compensation to Epidemic, its songwriters and recording artists." *Id.* ¶ 9; *see also* Hr'g Tr. at 43:1–45:16 (Dec. 18, 2023) (Epidemic declining the court's invitation to streamline issues by dismissing these claims). Epidemic actively pursued these theories throughout discovery, and Epidemic's recently served damages report, dated June 5, 2025, shows its clear intent to continue pressing these issues, with its expert asserting that Meta has "introduced into its Instagram and Facebook platforms certain features . . . allowing users to replicate or lift music from other user's content." *See* Declaration of Allison L. Stillman in Support of Meta's Motion to Stay Case ("Stillman Decl."), Ex. 1 ¶ 34; *see also id.* ¶ 37 ("Epidemic's works have been improperly reproduced and synched *by users* via Meta's Original Audio and Reels Remix features" (emphasis added)). And Epidemic has reserved the right to seek up to $150,000 per work infringed (over Meta's objection that it is not entitled to

statutory damages). *See* Dkt. 126 at 12 (Pl. Epidemic Sound, AB's Motion to Strike Certain of Defendant Meta Platforms, Inc.'s Affirmative Defenses); Dkt. 133 at 11–13 (Pl. Epidemic Sound, AB's Reply Mem. of Points and Authorities in Further Support of Its Motion to Strike Certain of Defendant Meta Platforms, Inc.'s Affirmative Defenses); Stillman Decl., Ex. 1 ¶ 2. Oral argument in *Cox* is anticipated as early as the November 2025 sitting, with a decision a few months later (but likely no later than June 2026).

## III.  ARGUMENT

This Court should postpone summary judgment briefing and trial to avoid the significant burdens and inefficiencies of briefing, rulings, and potentially trial on issues for which the Supreme Court will clarify the relevant legal standards in a matter of months. The power of district courts "to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Int'l All. of Theatrical Stage Emp. & Moving Picture Technicians, Artists, & Allied Crafts Loc. 720 v. InSync Show Prods., Inc.*, 801 F.3d 1033, 1039 n.2 (9th Cir. 2015) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court may stay a case "pending resolution of independent proceedings which bear upon the case," even when those proceedings are not "necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (citations omitted). A "separate action need not resolve the instant action in its entirety for a stay to be appropriate." *Silver v. Tobias & Assocs. Inc.*, No. 20-cv-07382-JSW, 2021 WL 11670037, at *6 (N.D. Cal. Mar. 26, 2021) (internal citations and quotations omitted).

When deciding whether to grant a stay, courts weigh competing interests which will be affected by granting or denying the stay. Specifically, courts consider: (1) "the possible damage that may result from the granting of the stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299

U.S. at 254–255). Here, all the factors warrant granting a stay of proceedings pending the Supreme Court's resolution of *Cox*.

**First**, no harm will result from granting the stay. The imminency of the forthcoming *Cox* ruling eliminates any potential of undue prejudice to Epidemic. *See Sealey v. Chase Bank (U.S.A.)*, No. 19-cv-07710, 2020 WL 5814108, at *2 (N.D. Cal. Sep. 29, 2020) (granting a stay pending a relevant Supreme Court decision, reasoning that "[b]ecause the Supreme Court will resolve [that case] in its next term, and the stay will have a finite duration, the potential damage of the stay is minimized" (internal quotation marks omitted)). A stay would likely last no more than several months: The Supreme Court granted certiorari on June 30, 2025. Under the Court's rules, the case will be fully briefed (absent any extensions) no later than October 15, 2025. *See* SUP. CT. R. 25 (opening brief Aug. 14; respondents' brief Sept. 15; reply brief no later than Oct. 15). The Supreme Court could hear argument as early as the November sitting, with a decision just a few months later. Whereas this case is set for trial on January 21, 2026, and the parties have not briefed dispositive motions, which are currently due to be filed September 11, 2025, and heard November 6, 2025. Dkt. No. 273. Given the central relevance of the issues in *Cox* to this case and the substantial efficiencies a stay could yield, the proposed stay is minimally disruptive, especially because fact and expert discovery will be completed already. The same proceedings currently scheduled to take place would still take place, on a modified schedule that takes into account the controlling law that the Supreme Court will soon establish. Epidemic will not experience any meaningful prejudice from this brief delay (especially given that Epidemic waited years to bring its claims in the first place). *See* Compl. ¶ 48.

**Second,** the parties, as well as the Court, will benefit from a stay that allows the parties to avoid litigating "a governing legal standard that is likely to change with the year" and that the parties would otherwise "be forced to litigate . . . through summary judgment or trial, incurring substantial costs." *See Trim v. Mayvenn, Inc.*, No. 20-cv-03917-MMC, 2020 WL 6460543, at *4 (N.D. Cal. Nov. 3, 2020). And, "if the Court proceeds without a stay, it may have to reconsider issues in this matter once the [*Cox*] appeal[] [is] resolved." *See Aland v. U.S. Dep't of the Interior*, No. 22-cv-01321-JSW, 2022 WL 1539522, at *2 (N.D. Cal. May 16, 2022). The cost of

proceeding under an uncertain legal standard that will be at least refined, and possibly changed substantially, is significant (and unnecessary) when weighed against the ultimately inconsequential delay of substantive briefing and trial in a case in which the parties and the Court have invested tremendous resources. Proceeding through summary judgment and trial according to the current schedule without the controlling law from the Supreme Court bearing on the majority of Epidemic's asserted claims in the case will all but require a re-do of those significant efforts.

**Third,** and most importantly, the orderly course of justice clearly favors a stay, since *Cox* "addresses the central question[s] [of contributory liability] at issue here." *See Sealey*, 2020 WL 5814108, at *2. Epidemic's contributory infringement claim is premised on a "material contribution" theory of liability for online service providers, which is exactly what the Supreme Court will address in *Cox*. *See* Compl. ¶ 76 (asserting that "Meta has actual and constructive knowledge of the infringing activity that occurs on its platforms"; Meta "knowingly causes and *materially contributes*" to third-party infringement on its platform by "providing [certain] tools to its users" (emphasis added)). Epidemic rests its inducement claim (a variation of contributory infringement) on similar allegations. *See id.* ¶ 69 ("Meta's Music Library and Features provide its users with the ability and tools to infringe."). And Epidemic peppered the Complaint with allegations of Meta's "willfulness," which depends on a legal standard that the Supreme Court will also carefully review in *Cox*. QP Report, *Cox*, 2025 WL 1787701; Compl. ¶ 12 (seeking a declaration that Meta's alleged infringement was "willful"); *id.* ¶ 56 (alleging Meta "willfully turn[ed] a blind eye" to infringement);¶ 63 ("Meta's acts of infringement are willful"); *id.* ¶ 70 ("Meta's acts of infringement are willful"); *id.* ¶ 77 ("Meta's acts of infringement are willful"). Epidemic has tried to emphasize this theme throughout the litigation, *see supra* at 2–3, and is expected to do so at trial.

In *Cox*, the Supreme Court will clarify how the key concepts of knowledge, material contribution, and willfulness apply to contributory (and inducement) liability claims like Epidemic's, which allege that Meta, as an online service provider, knew of and/or facilitated user infringement. Specifically, the Supreme Court will address (1) whether Meta "can be held liable for 'materially contributing' to copyright infringement merely because it knew that people were

using certain [services] to infringe and did not terminate access, without proof that [Meta] affirmatively fostered infringement or otherwise intended to promote it"; and (2) whether Meta's "mere knowledge of [it's users'] direct infringement suffices to find willfulness under 17 U.S.C. § 504(c)." *See* QP Report, *Cox*, 2025 WL 1787701.

In urging the Supreme Court to grant certiorari in the *Cox* case, the United States explained that the Court had to reverse the lower court's erroneous ruling on contributory liability, because "'knowledge . . . of actual infringing uses' is not enough for liability," even where the digital service provider fails to stop such uses. Br. for U.S. as *Amicus Curiae*, *Cox Commc'ns, Inc. v. Sony Music Entm't*, 2025 WL 1533667, at *12 (U.S. May 27, 2025) ("Br. for U.S.") (citation omitted). Rather, contributory liability "requires 'culpable intent' to cause infringement." *Id*. at *10 (citation omitted). The United States relied on the Supreme Court's 2023 social media platform liability decision in *Twitter, Inc. v. Taamneh,* 598 U.S. 471 (2023), and the Court's earlier secondary copyright liability decisions in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005),[1] and *Sony Corp. v. Universal City Studios, Inc*., 464 U.S. 417 (1984), all of which, taken together, require "conscious and culpable participation" for contributory liability to be imposed upon a digital platform like Meta. Br. for U.S., 2025 WL 1533667, at *16. Merely continuing to provide "infrastructure on generally applicable terms—even with knowledge that the infrastructure was being misused" is insufficient to demonstrate secondary liability for copyright infringement. *Id*. at *11 (internal quotation marks omitted). Assuming the Supreme Court adopts the position articulated by the United States in its brief in support of certiorari (in response to which the Supreme Court granted certiorari, *Cox*, 2025 WL 1787701), new binding Supreme Court precedent will confirm that Epidemic has not plausibly stated its claims for contributory infringement or inducement of copyright infringement—two of three asserted claims in this case— let alone developed a record to support them on summary judgment or at trial.

---

[1] Indeed, the *Grokster* case concerned "inducement" of infringement, which is the other secondary liability claim Epidemic presses here. *See Grokster*, 545 U.S. at 936–41. (Epidemic's second cause of action in the Complaint is "Inducement of Copyright Infringement"; the third cause of action is "Contributory Copyright Infringement." Compl. ¶¶ 67–80.) As the United States observed, *Grokster* required "affirmatively encourag[ing] infringing uses of a multi-use product" to support a finding of culpable intent. Br. for U.S., 2025 WL 1533667, at *10.

The Supreme Court is also set to clarify the correct standard for "willfulness" that would be required to allow for an enhanced damages award where a copyright plaintiff is entitled to statutory damages on a contributory infringement claim. As the United States points out in its brief, the Supreme Court had to grant certiorari to correct the legal error, "and its apparent prevalence in copyright suits brought against ISPs" that willfulness could be satisfied by mere "knowledge that one's subscribers are infringing," which "is consistent with at least reckless disregard for the copyright holder's rights." Br. for U.S., 2025 WL 1533667, at *18. Instead, willfulness must be based on the defendant's knowledge that its *own* conduct is unlawful—otherwise all contributory infringers would also be treated as willful violators, because knowledge of infringing activity is a prerequisite to *any* liability in the first place. See id.

While Epidemic has other serious challenges facing its bid for an eye-popping damages demand,[2] Epidemic continues to assert an inflated demand based on "willfulness," and, as noted above, has made allegations of Meta's purported "willful" infringement a centerpiece of its case themes. Under the standard articulated by the United States in prompting the Supreme Court to grant review in *Cox*, none of those allegations, even if they could be proven, would suffice.

Indeed, the only way the Supreme Court's forthcoming decision in *Cox* would *not* have a determinative impact on this case is if Epidemic withdraws its claims for contributory copyright infringement, inducement of copyright infringement, and "willful" infringement. But Epidemic declined to stipulate to withdraw these claims when this Court suggested the same. *See* Hr'g Tr. at 43:1–45:16 (Dec. 18, 2023). Therefore, "the interests of judicial efficiency weigh strongly in favor of staying this matter." *Columbia Exp. Terminal, LL*, 2021 WL 4571998, at *3; *see also Aland*, 2022 WL 1539522, at *2 ("Although the present case presents claims that are not expressly raised in the Related Cases, the Ninth Circuit's rulings will be relevant to the resolution of Plaintiff's claims. . . . Thus, the Court would expend unnecessary resources litigating Plaintiff's claims now when a binding decision from the Ninth Circuit could later require the Court to revisit its rulings.").

---

[2] *See, e.g.*, 17 U.S.C. § 412.

It is likely for these reasons that other parties have sought, and courts have begun to grant, stays or continuances in cases in similar postures. *See, e.g.*, Order, *Warner Records, Inc. v. Altice USA, Inc.*, No. 2:23-cv-00576-JRG-RSP (E.D. Tex. July 18, 2025), Dkt. No. 318 (granting motion and staying case); Letter Mot. for Stay Pending Supreme Court's Decision in *Cox*, *Cengage Learning, Inc. v. Google LLC*, No. 1:24-cv-04274-JLR-BCM (S.D.N.Y. July 10, 2025), Dkt. No. 117; Letter Mot. for Stay Pending Supreme Court decision in *Cox Communications, Inc. v. Sony Music Entertainment*, No. 24-171 (cert. granted June 30, 2025), *UMG Recordings, Inc. v. Verizon Commc'ns Inc.*, No. 24-cv-05285-MMG (S.D.N.Y. July 10, 2025), Dkt. No. 49. As the parties in *Warner Records* explained in seeking a similar postponement to what Meta requests here (which the court granted):

> [G]iven the import of the forthcoming decision, a continuance or stay pending the decision in *Cox* will provide significant benefits for judicial efficiency and economy in this case, at this stage. Virtually all of the pre-trial work remains to be done and completing it, and of course trial itself, will demand thousands of hours of work by counsel and the Court, days of service for jurors, and millions of dollars in expenses for the Parties—much of which will be tied up with the issues that the Supreme Court now promises to address shortly *after* that work is done. Accordingly, the Parties jointly request a brief continuance or stay pending the Supreme Court's ruling in *Cox*.

Joint Mot. to Continue Trial and Pre-Trial Deadlines Pending the Supreme Court's Decision in *Cox Communications, Inc. v. Sony Music Entertainment* at 5, *Warner Records*, No. 2:23-cv-00576-JRG-RSP (July 11, 2025), Dkt. No. 302. The same is true here, but with the added benefit of saving the unnecessary waste of briefing uncertain and potentially outdated legal standards in summary judgment.

## IV.    CONCLUSION

Meta therefore respectfully requests that the Court grant this motion and stay the matter (aside from the expert discovery cut-off) pending the Supreme Court's decision in *Cox*. In the alternative, Meta requests that the Court continue all case deadlines (aside from the expert discovery cut-off) such that the opening dispositive motion due date is 30 days after the Supreme Court decides *Cox* and all other dates in the remaining schedule shift accordingly.

Dated: July 24, 2025                    Respectfully submitted,

                                        LATHAM & WATKINS LLP

                                        By */s/ Allison L. Stillman*
                                            Joseph R. Wetzel
                                            Allison L. Stillman
                                            Brittany N. Lovejoy
                                            Ivana Dukanovic
                                            Rachel S. Horn
                                            Peter Calello

                                        Attorneys for Defendant
                                        *Meta Platforms, Inc.*