UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>    Plaintiff,<br><br>  v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 22-cv-04223-JSC<br><br>**SEALING MOTIONS RE: MOTION TO STAY AND MOTION FOR LEAVE TO REOPEN DISCOVERY**<br><br>Re: Dkt. Nos. 278, 280, 289, 291, 292, 301, 302, 303 |

The parties filed sealing motions in connection with Meta's motion seeking leave to reopen fact discovery and Meta's motion to stay the case. The Court rules as set forth below.

**LEGAL STANDARD**

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (cleaned up). So, the Court "start[s] with a strong presumption in favor of access to court records." *Id.* (cleaned up). "Despite this strong preference for public access," there is an "exception for sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* at 1097 (cleaned up). Under this exception, a party seeking to seal a judicial record must show "good cause" for the record's sealing. *Id.* "The good cause standard requires a particularized showing that specific prejudice or harm will result if the information is disclosed." *Finjan, Inc. v. Check Point Software Techs., Inc.*, No. 18-CV-02621-WHO, 2020 WL 597630, at *21 (N.D. Cal. Jan. 17, 2020) (cleaned up) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

**DISCUSSION**

Because the materials the parties seek to seal are "unrelated, or only tangentially related, to the underlying cause of action," the Court applies the good cause standard. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court first discusses the sealing motions filed in connection with Meta's motion to reopen discovery, then turns to the sealing motions filed in connection with Meta's motion to stay the case.

## I.  MOTION TO REOPEN DISCOVERY

### A.  Motion

Meta filed an administrative motion to consider whether documents Epidemic designated as confidential should be sealed. (Dkt. Nos. 278, 280.)[1] Epidemic filed a statement in support of sealing those documents. (Dkt. No. 285.) With one exception discussed below, the Court DENIES without prejudice the sealing motion at Docket No. 278.

Epidemic seeks to seal in full "communications with third parties concerning Meta's identification of potentially matching tracks and the infringing/non-infringing nature of such identifications." (Dkt. No. 285 at 2-3.)[2] Epidemic's declaration in support of sealing asserts their "unrestricted disclosure . . . is prohibited by the GDPR, and/or [the documents] discuss competitively sensitive business matters at Epidemic with respect to the creation and/or acquisition of music in its catalog." (*Id.* at 6.) Epidemic thus does not specify which documents it seeks to seal on the ground the GDPR prohibits disclosure and which documents it seeks to seal on the ground the document discusses sensitive business information. Epidemic also does not articulate what in the GDPR prohibits disclosure, why that is the case, and what the purportedly prohibited "unrestricted disclosure" entails. Moreover, Epidemic does not specify what competitive injury or economic harm would result from disclosure of these communications. Epidemic makes the conclusory assertion "public disclosure of this confidential information would create a risk of competitive injury and/or economic harm" but does not specify what harm will

---

[1] At Docket No. 280, Meta corrected its filing at Docket No. 278 as to Exhibit A.
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

1 result. (*Id.* at 2-3.) The information alone, without an explanation, does not support sealing.
2 Finally, Epidemic seeks to seal all the communications in full without explaining why—if good
3 cause justifies sealing any portion of the document—a more narrowly tailored request is
4 insufficient. *See* N.D. Cal. Civ. L.R. 79-5(c) (requiring sealing requests to be "narrowly
5 tailored"). So, the Court DENIES without prejudice Epidemic's request to seal the
6 communications with third parties identified in Docket No. 278.

Epidemic also seeks to seal portions of Meta's brief that "quote and paraphrase confidential communications as well as a highly confidential deposition transcript of Caroline Ekstrom concerning competitively sensitive information surrounding Epidemic's creation and acquisition of music in its catalog." (Dkt. No. 285 at 2.) Applying the good cause standard, the Court GRANTS Epidemic's request to seal the deposition transcript and portions of the brief discussing it.

### B. Opposition

Epidemic moves to seal documents it filed in connection with its opposition to Meta's motion to reopen discovery. (Dkt. No. 289.) The Court DENIES without prejudice Epidemic's request. The documents Epidemic seeks to seal in full are "communications with third parties concerning Meta's identification of potentially matching tracks and the infringing/non-infringing nature of such identifications." (Dkt. No. 289-1 at 2.) Epidemic once again asserts without explanation these "communications are protected from unrestricted disclosure in the United States pursuant to the GDPR." (*Id.*) As described above, this explanation falls below the "good cause" standard.

### C. Reply

Meta moves to seal documents filed with its reply in support of its motion to reopen discovery. (Dkt. No. 301.) Specifically, Meta moves to seal documents and portions of documents on the ground they reveal Meta's "relationships with, and the services it provides to, certain commercial partners in the music industry, and the terms of its licensing arrangements with those entities." (Dkt. No. 301-1 ¶ 4.) "For example," Meta's counsel attests, "other potential commercial partners could seek to leverage the information contained in the Sealed Documents in

1 connection with future license negotiations between them and Meta, or in negotiations with other
2 digital platforms from whom they are seeking a license." (*Id.* ¶ 5.)  The Court DENIES without
3 prejudice Meta's request to seal portions of Exhibit B.  Meta does not explain why disclosure of a
4 song title from its music library would result in prejudice.  The Court otherwise GRANTS Meta's
5 request to seal the documents and portions of documents identified at Docket No. 301-1.

In filing its reply, Meta also moved for consideration of whether documents Epidemic designated as confidential should be sealed, and Epidemic filed a statement in support of sealing. (Dkt. Nos. 303, 309.)  Epidemic asserts highlighted portions of Exhibit C "identif[y] competitively sensitive, highly confidential agreements and analyses commissioned by Epidemic," disclosure of which would damage Epidemic's business interest. (Dkt. No. 309 at 3.)  Epidemic also assets highlighted portions of Exhibit H contain internal, sensitive business communications.  (*Id.* at 4.) The Court GRANTS Epidemic's request to seal the highlighted portions of Exhibit C and Exhibit H.  The Court otherwise DENIES without prejudice Epidemic's request to seal in full the communications with third parties and references to those communications in Meta's reply. Epidemic once again asserts the communications "are protected from unrestricted disclosure in the United States pursuant to the GDPR." (Dkt. No. 309 at 4-5.)  As described above, this conclusory assertion without explanation or support is insufficient to demonstrate good cause.

### D. PK Interactive

In filing its reply, Meta moved for consideration of whether documents designated as confidential by third-party PK Interactive, LLC d/b/a DistroKid should be sealed. (Dkt. No. 302.) Meta also filed a certificate of service showing it served the attorneys for PK Interactive, LLC d/b/a DistroKid with the administrative sealing motion and related documents. (Dkt. No. 307.) As PK Interactive did not respond, the Court DENIES the sealing request at Docket No. 302.

### II. MOTION TO STAY

Meta moves to seal documents filed with its reply in support of its motion to stay the case. (Dkt. No. 291.)  Specifically, Meta moves to seal highlighted portions of Exhibit A and Exhibit E to the Stillman Declaration, which contain "confidential, nonpublic information relating to Meta's music library and its relationships with licensing partners." (Dkt. No. 291-1 ¶ 3.)  The Court

4

1    GRANTS Meta's narrowly tailored requests at Docket No. 291.

2    Meta also filed an administrative motion to consider whether documents Epidemic designated as confidential should be sealed, and Epidemic filed a declaration in support of sealing. (Dkt. Nos. 292, 298.) Epidemic requests sealing highlighted portions of Meta's reply that "quote and paraphrase confidential settlement and licensing communications, the public disclosure of which would create a substantial risk of serious and irreparable harm to Epidemic's business interests." (Dkt. No. 298 ¶ 3.) And Epidemic requests Exhibit A to the Stillman Declaration be sealed in full because the document "discuss[es] confidential settlement and licensing issues." (*Id.*) The Court GRANTS Epidemic's requests.

## CONCLUSION

The deadline to file amended sealing motions is October 23, 2025. Otherwise, by October 23, 2025, the parties shall refile documents consistent with this order.

This Order disposes of Docket Nos. 278, 280, 289, 291, 292, 301, 302, and 303.

**IT IS SO ORDERED.**

Dated: September 18, 2025

JACQUELINE SCOTT CORLEY
United States District Judge