UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-04223-JSC<br><br>**ORDER RE: EPIDEMIC'S MOTION TO REOPEN DISCOVERY**<br><br>Re: Dkt. No. 317 |

　　　　Pending before the Court is Epidemic Sound, AB's ("Epidemic's") motion to reopen discovery. (Dkt. No. 317.) Epidemic asks the Court to reopen fact discovery "for the limited purpose of compelling Meta to produce and log documents it has withheld on the basis of an asserted 'common interest privilege,' after the fact discovery cutoff of April 30, 2025." (Dkt. No. 317-1 at 2.) Epidemic appears to seek such documents to the extent they are relevant to the documents the Court recently ordered Epidemic to produce ("Recently Produced Communications"). (Dkt. No. 317 at 9.) Epidemic's motion is DENIED in part.

## DISCUSSION

　　　　Meta represents it has produced redacted versions of the only communications after April 30, 2025 relevant to the Recently Produced Communications. (Dkt. No. 325-1 ¶¶ 7, 9-10.) Those communications consist of one email thread between Meta's counsel and counsel for a third-party distributor-indemnitor. (Dkt. No. 325-4.)   Meta has met its burden of showing the communications are properly redacted because the emails are between Meta's counsel and the third-party indemnitor's counsel, and their subject line establishes they involve litigation strategy about this case and hence, attorney work product. *See In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004).   And, the common interest doctrine prevents waiver of the attorney work

product privilege through Meta's counsel's sharing with the third party's counsel. *See, e.g., Callwave Commc'ns, LLC v. Wavemarket, Inc.,* No. C 14-80112 JSW (LB), 2015 WL 831539, at *4 (N.D. Cal. Feb. 23, 2015) ("The common interest doctrine is not a privilege in and of itself, but rather serves as an exception to waiver of the . . . attorney work product privilege."). Epidemic's speculation the communications regarding a litigation stipulation might be business related is unpersuasive.

In reply, Epidemic also contends Meta is withholding responsive documents with non-indemnitor third parties. (Dkt. No. 330 at 7-8.) But Meta represents it searched for communications with all non-indemnitor third parties related to the Recently Produced Communications and "confirmed that Meta does not have responsive communications with any of these non-indemnitor third parties that have not already been produced to Epidemic during fact discovery or that Meta is withholding as privileged." (Dkt. No. 325-1 ¶¶ 9-10.) As to the latter representation, the Court understands Meta to be attesting it is not withholding any post-April 30, 2025 communications with non-indemnitor third parties related to the Recently Produced Communications.

Epidemic also appears to be challenging Meta's failure to log communications—in particular, communications with distributor-indemnitor third parties—which occurred prior to the close of fact discovery. (Dkt. No. 330 at 5, 7.) Although Epidemic's motion itself is confusing, Epidemic's own proposed order sought *only* post-April 30, 2025 communications; it did not seek a log of communications before that date. (Dkt. No. 317-1 at 2.) The Court will hold Epidemic to the relief sought in its proposed order. Further, the parties' ESI Order plainly permitted the parties to not log post-complaint communications involving inside or outside counsel's work product. (Dkt. No. 72 § 8(b)(i).) While Epidemic now argues it did not intend for that provision to apply to "communications with third parties which may have originated with a party's in-house or outside counsel," Epidemic does not argue the plain language of the ESI order it negotiated does not cover such communications if a party believes work product protection exists. (Dkt. No. 330 at 11.) And, since the record reflects Epidemic was aware Meta was withholding such communications as privileged, its belated lament is unavailing.

2

That said, it is unclear to the Court whether Meta is withholding as privileged any pre-April 30, 2025 communications with the persons or entities (or their counsel) identified in the Recently Produced Communications.  If Meta uses the Recently Produced Communications at trial, or on summary judgment, fairness requires Epidemic to at least be on notice whether Meta had post-complaint communications with those same parties and is withholding the same as privileged.  So, Meta shall log communications relevant to Epidemic's Recently Produced Communications, if any exist, and produce the log to Epidemic by November 20, 2025.

## ADMINISTRATIVE MOTIONS TO SEAL

Meta's motion to seal yellow highlighted portions of its opposition (Dkt. No. 326-2) and Exhibit M (Dkt. No. 326-3) is DENIED.  Meta's counsel declares under "penalty of perjury":

> There is good cause to seal the material, which references highly confidential, nonpublic information maintained by Meta regarding its business practices, including confidential details of its relationships with, and the services it provides to, certain commercial partners in the music industry, and the terms of its licensing arrangements with those entities.

(Dkt. No. 326-1 ¶ 4.)  Counsel's declaration is untethered to the passages sought to be sealed.

First, Exhibit M, filed entirely under seal, consists of a one-page public court transcript.  (Dkt. No. 326-3 at 5.)  And, there is nothing remotely confidential or nonpublic in that one page.

Second, no reasonable attorney could have genuinely believed the highlighted portions of the opposition "reference[] highly confidential, nonpublic information maintained by Meta regarding its business practices." (Dkt. No. 326-1 ¶ 4.)  For example, Meta seeks to seal the following:

> On June 26, 2025, Meta requested that Epidemic immediately produce the missing communications, as well as any others like it, as responsive to Meta's Requests for Production ("RFPs"), specifically RFP Nos. 30, 71, and 72.  After a series of email exchanges in which Meta demanded that Epidemic produce these communications (which were between Epidemic and third parties during fact discovery, did not copy Meta, and were neither in Meta's possession, custody, nor control), and Epidemic repeatedly refused, on July 9, 2025, Epidemic finally agreed to supplement its production.  Yet, before completing these productions, Epidemic's counsel expressly threatened on July 30, 2025, that if Meta were to "pursue these issues with the Court," that Epidemic, in retaliation, "will seek all of [Meta's] communications" with other third parties.

3

(Dkt. No. 326-1 at 2; Dkt. No. 326-2 at 7-8.) It is self-evident none of the above reveals confidential business information.

With respect to Epidemic's designated information in Meta's filing, (Dkt. Nos. 327, 329), Epidemic has shown good cause to seal pages 7 to 13 of Ex. L to the Pizano Declaration (Dkt. No. 327-8).

## CONCLUSION

Epidemic's motion to reopen discovery is DENIED, except by November 20, 2025, Meta shall produce a log of communications relevant to Epidemic's Recently Produced Communications, if any exist. Meta shall file a fully unredacted version of its opposition to Epidemic's motion and Exhibit M by November 3, 2025.

Further, going forward, any motion to seal Meta makes regarding its own confidential information shall include a declaration from counsel supporting sealing that swears, under oath, that counsel has personally reviewed the proposed redactions and certifies they are requested in good faith.

Meta's request for fees is DENIED.

This Order disposes of Docket Nos. 317, 326 and 327.

**IT IS SO ORDERED.**

Dated: October 28, 2025

JACQUELINE SCOTT CORLEY
United States District Judge