PRYOR CASHMAN LLP
  Ilene S. Farkas (*pro hac vice*)
  ifarkas@pryorcashman.com
  M. Mona Simonian (*pro hac vice*)
  msimonian@pryorcashman.com
  Marion R. Harris (*pro hac vice*)
  mharris@pryorcashman.com
  Brian M. Maida (*pro hac vice*)
  bmaida@pryorcashman.com
7 Times Square
New York, New York 10036
Phone: (212) 421-4100
Fax: (212) 326-0806

BRAUNHAGEY & BORDEN LLP
  Adam S. Cashman (State Bar No. 255063)
  cashman@braunhagey.com
747 Front Street, 4th Floor
San Francisco, California 94111
Phone: (415) 599-0210
Fax: (415) 599-0210

*Attorneys for Plaintiff
Epidemic Sound, A.B.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EPIDEMIC SOUND, AB,<br><br>    Plaintiff,<br><br>    vs.<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC.,<br><br>    Defendant. | CASE NO. 3:22-cv-04223-JSC<br>(Alleged Rel. Case No. 3:25-cv-10355-JD)<br><br>**PLAINTIFF EPIDEMIC SOUND, AB'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>The Honorable Jacqueline Scott Corley |

Pursuant to Local Rules 7-11 and 3-12, Plaintiff Epidemic Sound, AB ("Epidemic") respectfully moves for an order to deem related the underlying action in this District (Case No. 3:22-cv-04223-JSC, *Epidemic Sound, AB v. Meta Platforms, Inc., f/k/a Facebook, Inc.*, "*EvM I*"), brought against Defendant Meta Platforms, Inc. ("Meta"), and the pending action filed in this District (Case No. 3:25-cv-10355-JD, *Epidemic Sound, AB v. Meta Platforms, Inc., f/k/a Facebook, Inc.*, "*EvM II*," and with *EvM I*, the "Actions"), also brought against Meta, for the reasons set forth below.

I. **STATEMENT OF THE RELATIONSHIP OF *EVM I* AND *EVM II***

Pursuant to Local Rule 3-12(a), "[a]n action is related to another when: (1) [t]he actions concern substantially the same parties, property, transaction, or event; and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both requirements are satisfied here.

**A. The Actions Concern Substantially The Same Parties, Property, Transaction and Event**

The Actions have complete identity of the parties. In both Actions, Epidemic is the only plaintiff and Meta is the only defendant. (*Compare EvM I*, Dkt. 1 ¶¶ 13-15 *with EvM II*, Dkt. 1 ¶¶ 14-17.)

Moreover, the Actions concern substantially the same property, transaction and event. In both Actions, Epidemic is suing Meta for the massive infringement of hundreds of copyrighted musical works – in which Epidemic owns 100% of the rights to the sound recordings and musical compositions – in its catalog.[1]

The method of infringement is also the same in both Actions. As in *EvM I*, *EvM II* asserts that Meta has committed mass infringement by, without authorization, (1) offering, reproducing and distributing Epidemic's works for streaming, synchronization and other uses through the Audio Library (Meta's curated collection of purportedly, but not actually, licensed music tracks

---

[1] While the same intellectual property is infringed in both Actions – Epidemic's copyrighted sound recordings and musical compositions – there is no overlap between the infringed works in *EvM I* and *EvM II*. That is, in *EvM II*, Epidemic is suing Meta for the infringement of a completely new representative set of at least 1,000 works, none of which are at issue in *EvM I*. Meta's infringement has not stopped.

1  made available to its billions of users to exploit in connection with content posted on Meta's
2  platforms) (*compare EvM I*, Dkt. 1 ¶¶ 26-30 *with EvM II*, Dkt. 1 ¶¶ 28-35); and (2) making
3  available to its users tools – Original Audio and Reels Remix – that enable and encourage viral
4  free synchronization of Epidemic's copyrighted music by permitting the "ripping" of Epidemic's
5  music from one post and reproduction into a different post. (*Compare EvM I*, Dkt. 1 ¶¶ 29-42 *with*
6  *EvM II*, Dkt. 1 ¶¶ 36-59.)  And in both Actions, Epidemic asserts that Meta's infringement was
7  willful, in part because Meta has refused (and *still refuses*) to grant Epidemic access to the rights
8  management tool that is designed to help music rightsholders identify and address infringement
9  on Meta's platforms (and which Meta offers to other music rightsholders, but not Epidemic) and
10 because Meta has continued infringing Epidemic's works despite having been on notice of its
11 infringement for years. (*Compare EvM I*, Dkt. 1 ¶¶ 43-57 *with EvM II*, Dkt. 1 ¶¶ 60-78.)

Finally, the Actions assert the same causes of action against Meta, namely: (1) direct copyright infringement (*compare EvM I*, Dkt. 1 ¶¶ 58-66 *with EvM II*, Dkt. 1 ¶¶ 79-102); (2) inducement of copyright infringement (*compare EvM I*, Dkt. 1 ¶¶ 67-73 *with EvM II*, Dkt. 1 ¶¶ 103-126); and (3) contributory copyright infringement. (*Compare EvM I*, Dkt. 1 ¶¶ 74-80 *with EvM II*, Dkt. 1 ¶¶ 127-144.)[2]

The Actions clearly concern substantially the same parties, property, transaction and event.

**B. There Will Be an Unduly Burdensome Duplication of Labor and Expense or Risk of Conflicting Results If the Cases Are Conducted Before Different Judges**

Relating the Actions will greatly reduce the burden on the parties and the Court.

As an initial matter, this Court has already denied Meta's motion to dismiss the complaint in *EvM I* (Dkt. 37), a motion that delayed the prosecution of Epidemic's claims and should have never been filed. Because the complaint in *EvM II* is substantively the same as the complaint in

---

[2] *EvM II* asserted separate causes of action for infringement of Epidemic's sound recordings and compositions (*e.g.*, a direct copyright infringement claim for Epidemic's sound recordings and a separate direct copyright infringement claim for the underlying musical compositions).  *EvM I* asserted both (distinct) infringements under the same causes of action.  Nonetheless, the causes of action are the same.

*EvM I*, the relation of the Actions should reduce the risk that Meta seeks to make the same flawed arguments for dismissal to a different Judge.[3]

Further, as this Court knows too well, discovery in *EvM I* was rife with disputes and, having lasted nearly three years, was extremely expensive. The Court's helpful guidance and resolution of many discovery disputes in *EvM I* should greatly streamline discovery in *EvM II*, which will concern much of the same (or similar) documents and data as in *EvM I*.

Finally, this Court's resolution of Epidemic's pending motion for summary judgment in *EvM I* (Dkt. 360) should limit (or completely eliminate) any potential defenses Meta may assert in *EvM II*.

## II.     CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, Epidemic respectfully requests that Case No. 3:25-cv-10355-JD be deemed related to Case No. 3:22-cv-04223-JSC and that Case No. 3:25-cv-10355-JD be assigned to this Court for all purposes.

Respectfully submitted,

Dated: December 3, 2025        PRYOR CASHMAN LLP

By:    */s/ Brian M. Maida*
      Brian M. Maida

Ilene Farkas (*pro hac vice*)
ifarkas@pryorcashman.com
M. Mona Simonian (*pro hac vice*)
msimonian@pryorcashman.com
Marion R. Harris (*pro hac vice*)
mharris@pryorcashman.com
Brian M. Maida (*pro hac vice*)
bmaida@pryorcashman.com
7 Times Square
New York, NY 10036
Telephone: +1.212.421.4100

*Attorneys for Plaintiff Epidemic Sound, AB*

---

[3] Indeed, Meta has, at least once already, sought to rehash the dismissal arguments that this Court rejected. *See, e.g., Eight Mile Style, LLC v. Meta Platforms, Inc.*, Case No. 25-cv-11618-BRM-DRG. Meta's motion to dismiss in that case is pending as of this filing.