United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EPIDEMIC SOUND, AB,
Plaintiff,
v.
META PLATFORMS, INC.,
Defendant.

Case No. 22-cv-04223-JSC

**ORDER RE: META'S RENEWED SEALING MOTION**

Re: Dkt. No. 524

On July 27, 2026, the Court resolved Meta's omnibus motion to seal documents and briefing associated with the parties' cross-motions for summary judgment, Epidemic's sanctions motion, and the parties' expert-related motions. (Dkt. No. 522.)[1] The Court denied without prejudice Meta's request to seal portions of its motion to exclude Bradley T. Sharp and of its reply brief because Meta had not properly identified the information it wished to seal. (*Id.* at 39-40, 45-46.) Pending before the Court is Meta's renewed motion to seal portions of those documents because "the docket numbers for these documents were inadvertently mislabeled in Meta's previous sealing motion." (Dkt. No. 524 at 2.)

Pursuant to sealing standards outlined in the Court's prior Order, (Dkt. No. 522 at 1-2), the Court rules as follows:

| **Document** | **Dkt. No. (Confidential Material)** | **Reasons Proffered for Sealing (Dkt. No. 514)** | **Ruling** |
|---|---|---|---|
| Meta's Motion to Exclude | 495-12 (pale blue highlighting | Meta has designated this information Highly Confidential – Attorney's Eyes Only because it contains non- | **GRANTED** because the highlighted portions contain |

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

| Document | Dkt. No. (Confidential Material) | Reasons Proffered for Sealing (Dkt. No. 514) | Ruling |
|---|---|---|---|
| Sharp ("Sharp Daubert") | on pgs. 11-12, 14, 21-22) | public financial information used for damages calculations in this litigation. Dkt. 493-1 ¶¶ 24-25; *see Vineyard Investigations v. E. & J. Gallo Winery*, No. 19-cv-01482, at *2 (E.D. Cal. Nov. 21, 2024); *see also In re Qualcomm Litig.*, No. 17-cv-00108, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019). | Meta's non-public financial and operational information, or damages estimates deriving from that confidential information. |
| Sharp Daubert | 495-12 (pale red highlighting on pgs. 9-10, 12-15, 25-30) | Meta has designated this information Confidential because it contains nonpublic financial information used for damages calculations in this litigation. Dkt. 493-1 ¶¶ 19-21; *see Vineyard Investigations v. E. & J. Gallo Winery*, No. 19-cv-01482, at *2 (E.D. Cal. Nov. 21, 2024); *see also In re Qualcomm Litig.*, No. 17-cv-00108, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019). | **GRANTED** because the highlighted portions contain Meta's confidential financial information or confidential licensing terms, or damages estimates based on that confidential information. |
| Sharp Daubert | 495-12 (pale red highlighting on pg. 26) | Meta has designated this information Confidential because it contains details about Meta's proprietary technology, user information, and related brand strategy. Dkt. 493-1 ¶¶ 12-14; *see Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658, 2021 WL 1951250, at *2 (N.D. Cal. May 14, 2021); *Prescott v. Reckitt Benckiser LLC*, No. 20-cv-02101, 2022 WL 847309, at *2 (N.D. Cal. Mar. 22, 2022); *Ramirez v. HV Glob. Mgmt. Corp.*, No. 21-cv-09955, 2023 WL 6959275, at *2 (N.D. Cal. Oct. 20, 2023); *Roley v. Google LLC*, No. 18-cv-07537, 2020 WL 13517498, at *2 (N.D. Cal. Apr. 28, 2020). | **GRANTED** because the highlighted portion contains confidential terms of a license between Epidemic and Meta related to Meta's non-public strategy. |
| Meta's Reply ISO Sharp Daubert ("Sharp Reply") | 495-22 (pale blue highlighting at pg. 13) | Meta has designated this material as Highly Confidential – Attorney's Eyes Only because it contains commercially sensitive licensing terms. Dkt. 493-1 ¶¶ 7-10; *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Day v. Geico Casualty Co.*, No. 21-cv-02103, 2023 WL 8438582, at *2 (N.D. Cal. Dec. 5, 2023); *accord Jam Cellars, Inc. v. Wine Grp., LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sep. 17, 2020); *United States v.* | **GRANTED** because the highlighted portion contains a confidential licensing term. |

United States District Court
Northern District of California

| Document | Dkt. No. (Confidential Material) | Reasons Proffered for Sealing (Dkt. No. 514) | Ruling |
|---|---|---|---|
| | | *Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995). | |
| Sharp Reply | 495-22 (pale red highlighting at pg. 5) | Meta has designated this material as Confidential because it contains commercially sensitive licensing terms. Dkt. 493-1 ¶¶ 7-10; *see In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Day v. Geico Casualty Co.*, No. 21-cv-02103, 2023 WL 8438582, at *2 (N.D. Cal. Dec. 5, 2023); *accord Jam Cellars, Inc. v. Wine Grp., LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sep. 17, 2020); *United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995). | **GRANTED** because the highlighted portions contain damages estimates based on Meta's non-public financial information and confidential licensing terms. |

This Order disposes of Docket No. 524.

**IT IS SO ORDERED.**

Dated: August 12, 2026

JACQUELINE SCOTT CORLEY
United States District Judge